### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
### FT. LAUDERDALE DIVISION

|  |  |  |
|---|---|---|
| **KRYSTLE HAYES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.  0:24-cv-60639** |
| | ) | |
| **APPLE INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>NOTICE OF AND PETITION FOR REMOVAL</u>

Pursuant to 28 U.S.C. § 1332, § 1441(a), and § 1446, Defendant, APPLE INC. ("Defendant"), through its undersigned counsel, hereby requests this Court to remove this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, where the action is now pending under Case No. CACE-23-018974 to the United States District Court for the Southern District of Florida, Ft. Lauderdale Division.  In support of this Removal, Defendant states as follows:

### I.    <u>The State Court Action</u>

1.     On October 4, 2023, Plaintiff Krystle Hayes ("Plaintiff") initiated a civil action captioned *Krystle Hayes v. Apple Inc.*, Case No. CACE-23-018974

in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Ft. Lauderdale Division ("State Court Action"). The Complaint in the State Court Action seeks relief for alleged disability discrimination and retaliatory discharge in violation of the Florida Civil Rights Act ("FCRA").

2.      On November 30, 2023, Defendant was served with the Summons and a copy of the Complaint.

3.      On December 26, 2023, Defendant timely filed a Notice of Removal pursuant to § 1446(b).

4.      On December 27, 2023, this Court entered an Order remanding this action to State court. The Court held that while the back pay amount as supported in the petition exceeded the $75,000 amount in controversy, "Defendant has not introduced any evidence regarding whether Plaintiff has been employed since the June 7, 2022 conclusion of her employment with Defendant, and, if so, at what salary or hourly rate, which would be material to the Court to determine whether backpay can even properly be considered in this case in determining the amount in controversy." Case 0:23-cv-62399-WPD Doc 0004.

5.      Following remand, on March 22, 2024, Plaintiff sent Defendant a settlement demand letter (the "Demand"), wherein, Plaintiff provided calculations valuing her claims at $447,000.00. *See* Demand Letter attached as Exhibit "A."[1]

6.      Defendant received the Demand letter on March 22, 2024. Therefore, this Notice has been timely filed within 30 days after Defendant's receipt of the "other paper" setting forth the claims for relief upon which this removal is based as required by 28 U.S.C. § 1446(b).[2]

---

[1] Settlement offers and demands are admissible as evidence of the amount in controversy for removal purposes. *Katz v. J.C. Penney Corp.*, No. 09-CV-60067, 2009 U.S. Dist. LEXIS 51705, at *10-12 (S.D. Fla. June 1, 2009); *Gleaton & Demaria Commer. Dev., LLC v. Westchester Surplus Lines Ins. Co.*, No. 3:18-CV-1913-MCR-GRJ, 2018 U.S. Dist. LEXIS 232951, at *3 n.1 (N.D. Fla. Sep. 21, 2018); *Everett J. Prescott, Inc. v. Zurich Am. Ins. Co.*, No. 8:22-cv-2601-VMC-CPT, 2023 U.S. Dist. LEXIS 1275, at *7-8 (M.D. Fla. Jan. 4, 2023).

[2] "[P]ost-suit settlement demands are routinely considered 'other papers' that trigger the thirty-day clock to remove." *Mazariegos v. Protective Ins. Co.*, No. 23-cv-61906-ALTMAN/Hunt, 2023 U.S. Dist. LEXIS 218593, at *5 (S.D. Fla. Dec. 7, 2023) (quoting *Stauffer v. Indian Harbor Ins. Co.*, 2022 U.S. Dist. LEXIS 149896, 2022 WL 3572413, at *1 (M.D. Fla. Aug. 19, 2022); *Rodriguez v. W. World Ins. Co.*, No. 20-21404-Civ-WILLIAMS/TORRES, 2020 U.S. Dist. LEXIS 115515, at *8 (S.D. Fla. June 29, 2020) ("the issue presented is when Defendant received 'a copy of an…*other paper'* under Section 1446(b)(3), from which Defendant could ascertain that Plaintiff's claims satisfied Section 1332's $75,000 amount-in-controversy requirement. 'Other paper' can include… demand letters… that estimate damages.") (emphasis in original).

7.     Pursuant to 28 U.S.C. § 1446(a), a complete copy of all process and pleadings received by Defendant in the State Court Action to date are attached as Composite Exhibit "B."

8.     This action is within the original jurisdiction of the United States District Court, pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.  *See* 28 U.S.C. § 1332(a)(1).

9.     Specifically, as described in further detail below, Plaintiff's Demand illustrates that Plaintiff has placed an amount in controversy exceeding the jurisdictional threshold of $75,000.

10.    Additionally, Plaintiff is a citizen of Florida, and Defendant is a citizen of California.

11.    The United States District Court for the Southern District Court of Florida, Ft. Lauderdale Division encompasses the judicial district in which Plaintiff filed her Complaint.  Thus, removal is proper to this Court pursuant to 28 U.S.C. § 1441.

12.    Pursuant to 28 U.S.C. § 1446(d), Defendant has provided written notice of the removal to all parties in this action and has filed a copy of this

4

Notice of and Petition for Removal in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

## II.   <u>Removal is Proper Based on Diversity Jurisdiction</u>

An action filed in state court may be removed to federal court based on diversity of citizenship, 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1332(a), district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between 'citizens of different states.'" A Defendant may remove a case from state court a second time upon new grounds following remand of an initial removal. *Cargo Handling Airport Servs. v. Am. Sales*, No. 22-23157-CIV-SINGHAL, 2022 U.S. Dist. LEXIS 236790, at *2 (S.D. Fla. Dec. 15, 2022) (citations omitted). 28 U.S.C. § 1446(b)(3) provides "Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable."

Eleventh Circuit Courts have held that a post-suit settlement offer constitutes an "other paper" for purposes of removal under 28 U.S.C. §

1446(b)(3). *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1212 n.62 (11th Cir. 2007); *Musser v. Walmart Stores E., L.P.*, No. 1:16-cv-62231, 2017 U.S. Dist. LEXIS 55898, at *7 (S.D. Fla. Apr. 12, 2017) ("Courts routinely permit the use of post-suit demand letters in determining the amount in controversy requirement.") (quotation omitted); *Saberton v. Sears Roebuck & Co.*, 392 F. Supp. 2d 1358, 1360 (M.D. Fla. 2005) ("[C]ase law permits the use of post-suit demand letters in determining the amount in controversy requirement;"). Here, Plaintiff sent Defendant a post-suit settlement demand outlining the amounts she is seeking for her claims. *See* Exhibit "A." Each of Plaintiff's claims for damages exceed $75,000. Plaintiff's Demand is a reliable indicator of the damages sought because it provides "specific information to support the [P]laintiff's claim for damages." *See Musser*, No. 1:16-cv-62231, 2017 U.S. Dist. LEXIS 55898, at *8. Accordingly, because there is complete diversity between the Parties, and the Demand provides sufficient evidence that the amount in controversy exceeds $75,000, removal is proper based on diversity jurisdiction.

A.   <u>Complete Diversity of Citizenship Exists</u>

i.   **Plaintiff is a Citizen of the State of Florida.**

An individual is a citizen of the state in which he or she is domiciled; a citizen's domicile is the state where the individual maintains his or her "true, fixed, and permanent home .... " *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quoting *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)) (internal quotations and citations omitted). While there is a presumption that the state in which a person resides is that person's domicile, for purposes of diversity jurisdiction, domicile is determined by residence and intent to remain. *Grant v. Pottinger-Gibson*, 2017 U.S. Dist. LEXIS 111695, at *6-7 (S.D. Fla. July 17, 2017) (finding removal was proper where defendant made a minimal showing of domicile and citizenship); *Jakobot v. Am. Airlines, Inc.*, 2011 U.S. Dist. LEXIS 64824, at *5 (S.D. Fla. June 20, 2011).   Courts consider a party's residence as part of the "totality of the evidence" to supplement a residence allegation.  *Grant,* 2017 U.S. Dist. LEXIS 111695, at *6-7.

The totality of the evidence shows that Plaintiff is domiciled in and intends to remain a citizen of the State of Florida.  Throughout the course of Plaintiff's eleven-year employment with Defendant, she provided

Defendant with Florida addresses as her residences. *See* Declaration of Ms. Catherine Spevak ¶ 6, attached as Exhibit "C."  Defendant is not aware of any non-Florida address for Plaintiff. *Id.* ¶ 7. Plaintiff began her employment with Defendant on or about October 7, 2011, as a Specialist and provided Defendant with a Coral Springs, Florida address.  *Id.* ¶ 6(a), Ex. 1.  On August 1, 2015, Plaintiff accepted an At-Home Advisor position with Defendant.  *Id.* ¶ 6(a), Ex. 2.   As a condition for this position, Plaintiff agreed to work from her home office location and provided a Coconut Creek, Florida address as her home office location.  *Id.* The agreement stated, "**I understand that my work location must be the home I live in and cannot be an office space leased or rented from a third party**."  *Id.* (emphasis added).  Therefore, by providing the Coconut Creek, Florida address, Plaintiff indicated that it was her residence.   Moreover, at the time of her termination on June 7, 2022, Defendant maintained a Margate, Florida address on file for Plaintiff.  *Id.* ¶ 6(c).

Beyond Defendant's personnel documents, other documents indicate that Plaintiff is a citizen of the state of Florida.   For example, Plaintiff's current public voter registration establishes that she has been

registered to vote in Florida since October 8, 2008.[3]  *See* Plaintiff's Florida Voter's Registration attached as Exhibit "D."   Plaintiff also provided a Margate, Florida address on her EEOC Charge of Discrimination.   *See* Plaintiff's EEOC Charge of Discrimination attached as Exhibit "E." Furthermore, in the Complaint, Plaintiff states "At all times material hereto, Plaintiff was a resident of Broward County, Florida." *See* Exhibit "B", Complaint ¶ 2.  Thus, Defendant has shown that Plaintiff is a citizen of the State for Florida for the purpose of removal.

> ii.   **Defendant is not a Florida citizen.**

"For diversity purposes, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business." *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) (citing 28 U.S.C. § 1332(c)).  Defendant is a corporate citizen of California as it is incorporated under the laws of California and maintains its principal place

---

[3] Defendant respectfully requests that the Court to take judicial notice of the existence of Plaintiff's Florida voter registration.  Courts can take judicial notice where the fact in question is one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b). *See also Chinn v. PNC Bank, N.A.*, 451 Fed. Appx. 859, 860 n. 1 (11th Cir. 2012) (noting that a district court may take judicial notice of facts capable of accurate and ready determination by using sources whose accuracy cannot be questioned, including public records)

of business in California.   Declaration of Ms. Spevak ¶ 4.   Therefore, Defendant is not a citizen of Florida, and has satisfied its burden of showing complete diversity among the parties.

**B.    The Amount in Controversy is Satisfied[4]**

In her Complaint, Plaintiff alleges that she is seeking (1) back pay; (2) compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life; (3) reinstatement or front pay in lieu of reinstatement; and (4) costs of this litigation, including attorney's fees.   *See* Exhibit "B," Complaint at 3–4.   Plaintiff does not identify the amount of her alleged damages in her Complaint, but asserts that she is seeking "damages exceeding $50,000.00 excluding attorneys' fees or costs."   *Id.* ¶ 1.

"Where the plaintiff has not [pled] a specific amount of damages. . . . the defendant is required to show that by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *Kirkland v. Midland Mortg. Co.,* 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); *See also Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061 (11th Cir. 2010).   A removing defendant is not required "to prove the amount in controversy beyond all

---

[4] The following analysis is made to demonstrate that the amount in controversy in this action is more than likely not in excess of the jurisdictional limit at issue.   By making this analysis, Defendant makes no admission that Plaintiff is entitled to any damages or to any form of relief whatsoever.

doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010). Rather, a removing defendant must simply prove that "the amount in controversy **more likely than not** exceeds . . . the jurisdictional requirement." *Roe,* 613 F.3d at 1061 (citations omitted) (emphasis added).

While courts may not speculate or guess as to the amount in controversy, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe,* 613 F.3d at 1061-62 (quoting *Pretka,* 608 F.3d at 754). A court need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Pretka,* 608 F.3d at 770 (internal quotations and citations omitted). "[If] a removing defendant makes specific factual allegations establishing jurisdiction and can support them . . . with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations[,] [t]hat kind of reasoning is not akin to conjecture, speculation or star gazing." *Id.* at 754.

Moreover, "[w]hen determining whether the amount in controversy requirement has been met, district courts should only consider the amount the plaintiff has placed in controversy, not the amount the plaintiff is likely to recover." *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 730 (11th Cir. 2014); *see also S. Fla. Wellness v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014). The defendant "need only prove the jurisdictional facts necessary to establish . . . damages in an amount necessary to reach the jurisdictional minimum are at issue—that is, that such damages could be awarded." *McDaniel*, 568 F. App'x at 731 (emphasis in original). On that point, a post suit settlement demand letter, such as Plaintiff's in this case, may be considered in determining whether removal is proper. *Nachamkin v. Garden Fresh Rest. Corp.*, No. 14-CV-80917-RYSKAMP/HOPKINS, 2014 U.S. Dist. LEXIS 192118, at *4-5 (S.D. Fla. Oct. 10, 2014) (holding a plaintiff's $495,000 settlement demand established amount in controversy by a preponderance of the evidence). Courts distinguish pre-suit demand letters, which may include "mere posturing" with "more detailed" post-suit demand letters. *Musser v. Walmart Stores E., L.P.*, No. 1:16-cv-62231, 2017 U.S. Dist. LEXIS 55898, at *7-8 (S.D. Fla. Apr. 12, 2017) (citations omitted). Here, Plaintiff's Demand letter, along with the amounts awardable under the Florida Civil Rights Act, prove

that the amount in controversy exceeds $75,000 by a preponderance of the evidence.

### i.     Back Pay

Plaintiff seeks back pay as part of her damages against Defendant.  *See* Exhibit "B," Complaint at 4.   Pursuant to the FCRA, a prevailing plaintiff is presumptively entitled to back pay.  *Gonzalez v. Honeywell Int'l, Inc.*, 2017 U.S. Dist. LEXIS 5837, at *5 (M.D. Fla. Jan. 17, 2017). In her Demand, Plaintiff claims Defendant owes Plaintiff back pay from the date of her termination (June 7, 2022) to the date of the Demand (March 22, 2024), which is approximately 93 weeks. Plaintiff's demand claims back wages in the amount of $93,000 based on a rate of pay of approximately $1,000 per week. Additionally, Plaintiff's Demand notes that this amount will continue to accrue until judgment is rendered. However, this figure would likely be higher than Plaintiff's approximation in her Demand. At the time of Plaintiff's termination on June 7, 2022, Plaintiff's hourly rate of pay was $25.24 per hour, which equated to $4,374.33 per month or $52,492 annually.  *See* Declaration of Ms. Spevak¶ 8. Thus, Plaintiff has placed an amount in controversy through her back pay claim which exceeds the required threshold for removal.

### ii.      Front Pay

Plaintiff also seeks front pay under the FCRA.  *See* Exhibit "B," Complaint at 4.  Under the FCRA, a prevailing plaintiff is presumptively entitled to reinstatement or front pay.  *See Penalver v. N. Elec., Inc.*, 2012 U.S. Dist. LEXIS 53662, at *6 (S.D. Fla. Apr. 17, 2012).  "Courts in this Circuit have previously held that it is reasonable to add one year of front pay to the amount in controversy in an FCRA employment discrimination case." *Gonzalez*, 2017 U.S. Dist. LEXIS 5837, at *6.  Plaintiff's Demand claims an award of front pay for a period of two years in the amount of $104,000 based on her annual compensation package of approximately $52,000. Thus, through her back pay and front pay claims, the amount the Plaintiff has placed in controversy well exceeds $75,000.

### iii.     Compensatory Damages

Plaintiff also seeks compensatory damages under the FCRA.  *See* Exhibit "B," Complaint at 4.   Under the FCRA, a prevailing plaintiff may be awarded compensatory damages, including but not limited to damages for mental anguish, loss of dignity, and any other intangible injuries.  Fla. Stat. § 760.11(5).  Importantly, the FCRA does not cap compensatory damages.  *Id.* Plaintiff's Demand provides that she is seeking $100,000 in compensatory

damages for mental anguish, personal suffering, and loss of enjoyment of life. Furthermore, Plaintiff's Demand notes that "Plaintiff's suffering is on-going" and reserves the right to adjust her claim for compensatory damages as necessary.

Courts in this circuit have permitted awards for emotional distress and other intangible injuries for claims in employment discrimination cases in excess of $75,000. *See Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1344 (11th Cir. 2000) (affirming an award of $150,000 in compensatory damages for emotional distress in an employment discrimination case); *Copley v. Bax Glob., Inc.*, 97 F. Supp. 2d 1164, 1172 (S.D. Fla. 2000) (ordering a jury's award for emotional plan and mental anguish be remitted to $100,000 in an employment discrimination case); *Hill v. Xerox Corp.*, 998 F. Supp. 1378, 1384 (N.D. Fla. 1998) (finding the jury's assessment of $457,000 for damages for mental anguish in an employment discrimination case was not unreasonable). As such, when considering these awards alongside Plaintiff's Demand for compensatory damages, it is apparent that Plaintiff has placed an amount in controversy exceeding $75,000 through her compensatory damages claim.[5]

---

[5] Defendant in no way concedes that Plaintiff has suffered compensatory damages or is otherwise entitled to any damages. Rather in the absence of a dollar amount

iv.     **Punitive Damages**

Plaintiff's prayer for relief does not explicitly address punitive damages. However, Plaintiff requests the court "adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights". *See* Exhibit "B," Complaint at 4. The FCRA authorizes recovery of punitive damages up to $100,000. Fla. Stat. § 76011(5). "In determining the amount in controversy, the Court must take into account not only compensatory damages claimed, but punitive damages as well." *Callander v. Bellsouth Advert. & Publ'g Corp.*, No. 06-61487-CIV-ALTONAGA/Tur, 2007 U.S. Dist. LEXIS 111078, at *2 (S.D. Fla. Feb. 7, 2007) (holding that Plaintiff's Complaint requesting an unspecified amount of punitive damages established an amount in controversy over $75,000 based on the FCRA's statutory cap).

Here, Plaintiff's Demand claims punitive damages of $150,000. Thus, while Plaintiff cannot recover this amount, her Demand indicates that she is seeking the maximum amount allowable under Florida law. Accordingly, Plaintiff has placed an amount in controversy exceeding the threshold for removal through her punitive damages claim.

---

pled by Plaintiff, this is a reasonable approach to determine the amount Plaintiff is claiming in damages as the amount in controversy.

### v.      Attorney's Fees

Plaintiff also seeks attorney's fees under the FCRA.  An award of attorney's fees is permitted to the prevailing party under the FCRA. § Fla. Stat. § 760.11(5).  "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000).

In its initial Notice of Removal, Defendant conservatively estimated that Plaintiff's counsel could be expected to expend at least 200 hours litigating this action through trial, which would include depositions of witnesses, drafting and answering discovery, dispositive motion practice, and preparing for and attending a multiple day trial.  Defendant further estimated that Plaintiff would incur at least $50,000 in attorney's fees based on a conservative hourly rate of $250. This estimate is consistent with how courts in the Eleventh Circuit have defined "reasonableness" in terms of hours spent litigating similar cases. *See, e.g.*, *Holland v. Gee*, 2012 U.S Dist. LEXIS 164956, at *16 (M.D. Fla. Oct. 23, 2012) (affirming an estimate of 260.8 billed hours by lead attorney and 190.8 hours billed by associate attorney as reasonable in a Title VII and FCRA case that proceeded through trial),   *report and recommendation adopted,* 2012 U.S. Dist. LEXIS 164945 (S.D. Fla. Nov. 19, 2022);

*Joseph v. Publix Super Markets, Inc.*, 2004 U.S. Dist. LEXIS 30889, at *15-16 (S.D. Fla. Mar. 29, 2004) (awarding plaintiff $187,874.50 in attorneys' fees in a Title VII case based upon 1,023 hours of attorneys' billable time).

Further, courts have also found that $250 to $300 per hour is a reasonable hourly rate for plaintiffs' attorneys in employment discrimination cases. *See e.g.*, *St. Fleur v. City of Fort Lauderdale*, 149 Fed. App'x 849, 852-53 (11th Cir. 2005) (affirming $250 as a reasonable hourly rate for lead trial attorneys litigating a Title VII claim in the Middle District of Florida); *see Brown v. Sch. Bd.*, No. 08-61592-CIV-DIMITROULEAS, 2010 U.S. Dist. LEXIS 85084, at *7-8 (S.D. Fla. June 29, 2010) (finding $250 was a reasonable rate for a plaintiff's attorney with six years of experience litigating a Title VII claim in the Southern District of Florida).  Plaintiff's counsel Anthony M. Georges-Pierre, Esquire, has been admitted to practice law in the State of Florida since December 20, 2001, almost twenty-two years, so the Court may use $250 as a reasonable rate.

However, this Court rejected Defendant's estimations regarding attorney's fees reasoning that Defendant did not provide information regarding the amount of attorney's fees accrued at the time of removal. At this point, Plaintiff has litigated this case well beyond drafting a simple

Complaint. The Parties have exchanged initial pleadings, written discovery, and discussed discovery disputes including production of documents and the deposition of Defendant's corporate representative. Thus, if Plaintiff's counsel has conservatively spent 20 hours at this stage of litigation, Plaintiff's attorney's fees likely add an additional $5,000 to the amount in controversy.

<u>**CONCLUSION**</u>

Based on Plaintiff's claims for back pay, front pay compensatory damages, punitive damages, and attorney's fees, Defendant respectfully submits that it has established by a preponderance of the evidence that the amount in controversy in this matter exceeds $75,000.  Plaintiff has placed an amount in controversy exceeding $75,000 through her individual claims for back pay, front pay, compensatory damages, and punitive damages, as detailed in her post-suit Demand. Defendant has also established diversity of citizenship as Plaintiff is a citizen of Florida and Defendant is a citizen of California.

WHEREFORE, Defendant, APPLE INC., respectfully removes the State Court Action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, and requests that this

19

Court take jurisdiction of this civil action to the exclusion of any further proceedings in state court and grant such further relief as the Court deems just and appropriate.

Respectfully submitted,

JACKSON LEWIS P.C.
390 N. Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone:  (407) 246-8440
Facsimile:  (407) 246-8441

JACKSON LEWIS P.C.
Wells Fargo Center
100 South Ashley Drive, Suite 2200
Tampa, FL 33602
(813) 512-3210

By:     */s/ Stephanie Adler-Paindiris*
      Stephanie Adler-Paindiris
      Florida Bar No. 523283
      stephanie.adler-paindiris@jacksonlewis.com

      Michael J. DeMaio
      Florida Bar No. 1019194
      Michael.DeMaio@jacksonlewis.com

Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 19th day of April, 2024, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Anthony M. Georges-Pierre, Esquire, Jorge L. Costa, Esquire, Remer, Georges-Pierre, & Hoogerwoerd, PLLC, 2745 Ponce De Leon Blvd., Coral Gables, FL 33134, agp@rgph.law, jcosta@rgph.law.

<u>*/s/ Stephanie Adler-Paindiris*</u>
Attorney

4872-4198-0085, v. 3