**EXHIBIT**

**B**

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>KRYSTLE HAYES</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>Apple, Inc.</u>
Defendant

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☒  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

**III.    TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐ Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
⊠ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ⊠ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**     **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**     **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   1

**VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.
    N/A

**VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**     **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Anthony M Georges-Pierre</u>      Fla. Bar # <u>533637</u>
           Attorney or party               (Bar # if attorney)

<u>Anthony M Georges-Pierre</u>          <u>09/28/2023</u>
 (type or print name)              Date

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

Case 0:24-cv-60639-XXXX   Document 1-2   Entered on FLSD Docket 04/19/2024   Page 4 of 127

**IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA**

KRYSTLE HAYES,                                         CASE NO.:

     Plaintiff,

vs.

APPLE, INC.,

     Defendant.

_____/

## COMPLAINT

**COMES NOW,** The Plaintiff, KRYSTLE HAYES, ("Plaintiff"), by and through the undersigned counsel, and pursuant to Rule 1.040, Florida Rules of Civil Procedure, files this Civil Action against Defendant, APPLE, INC., ("Defendant"), and alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $50,000.00 excluding attorneys' fees or costs for damages under Florida Civil Rights Act of 1992 (FCRA), §760.01, *et seq.*, Florida Statutes, discrimination based on disability, and retaliatory discharge of an employee in violation of FCRA.

2. At all times material hereto, Plaintiff was a resident of Broward County, Florida.

3. Defendant is a corporation authorized to conduct business in the State of Florida,

4. Venue is proper in Broward County pursuant to Florida Statutes because the employment practices hereafter alleged to be unlawful were committed within the jurisdiction of Broward County. Venue is proper in Broward County because all of the actions that form the basis of this Complaint occurred within Broward County.

1

5. Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC), the agency which is responsible for investigating claims of employment discrimination.

6. Defendant is an "employer" under the FCRA, because it employes fifteen (15) or more persons during the relevant time period. Plaintiff is an "employee" of the Defendant within the meaning of the FCRA and is also a qualified employee under the FCRA.

7. This Court has jurisdiction under section 47.011 and 47.051, Florida Statutes, because the actions which form the basis of the Complaint happened in Broward County, Florida.

8. All conditions precedent for the filing of this action before this Court have indeed been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff was hired, and began working for Defendant on or about October 7, 2011, as a Tech Support Agent.

10. On or about on or about May 30, 2021, Plaintiff broke her left ankle.

11. As a result of this fracture Plaintiff was disabled and had to undergo a surgery on or about June 1, 2021. Plaintiff's ability to walk, sit, run, were impaired as a result of her disability. Plaintiff's disability affected these major life activities.

12. Plaintiff noticed Defendant of her fracture and need for surgery. Plaintiff provided medical documentation to Defendant, evidencing her fracture. Specifically, Plaintiff notified her supervisor Mukund Khalasi of the fracture and surgery.

13. Plaintiff was required to undergo physical therapy as a result of her accident and subsequent disability, and was later terminated on or about June 7, 2022, and replaced by a person outside of her protected class.

14. The reason proffered by Defendant for the adverse employment action is a mere pretext for unlawful discrimination because of Plaintiff's disability.

## COUNT I
### *Disability Discrimination in Violation of the FCRA*

15. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 above as if set out in full herein.

16. Plaintiff is a member of a protected class under the FCRA, as a result of her disability.

17. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

18. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff was disabled.

19. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

20. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

21. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

22. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

23. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to his prior positions at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

24. Plaintiff requests trial by jury for all issues so triable.

**[Intentionally Left Blank]**

4

Dated: September 28, 2023

Respectfully submitted,

*/s/ Jorge L. Costa*
Anthony M. Georges-Pierre, Esq.
Florida Bar No.: 0533637
Jorge L. Costa, Esq.
Florida Bar No.: 1031513
REMER, GEORGES-PIERRE, &
HOOGERWOERD, PLLC
2745 Ponce De Leon Blvd,
Coral Gables, Fl 33134
T. (305) 416-5000
Email: jcosta@rgph.law
agp@rgph.law
*Counsel for Plaintiff*

Case 0:24-cv-60639-XXXX   Document 1-2   Entered on FLSD Docket 04/19/2024   Page 9 of 127

IN THE CIRCUIT COURT OF THE
17th JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

KRYSTLE HAYES,                                    CASENO.: CACE-23-018974

        Plaintiff,

v.

APPLE, INC.,

        Defendant.
_____/

## SUMMONS IN A CIVIL CASE

**TO:** APPLE, INC., through its Registered Agent:

C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
200 E. GAINES ST.
PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC.
2745 PONCE DE LEON
CORAL GABLES, FL  33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____          OCT 05 2023
CLERK                                                                 _____
                                                                            DATE

_____
(BY) DEPUTY CLERK

**BRENDA D. FORMAN**

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.:  **CACE23018974**

JUDGE:  **Bidwill, Martin J. (05)**

**KRYSTLE HAYES**

Plaintiff(s),

vs.

**Apple, Inc.**

Defendant(s).

_____/

UNIFORM CASE MANAGEMENT ORDER:

**ALL PARTIES MUST READ CAREFULLY/STRICT COMPLIANCE IS MANDATORY**

In accordance with Florida Rule Civil Procedure 1.200, and the Supreme Court AO20-23, Amendment 10, the Court hereby orders a MANDATORY Case Management Conference to be held in Courtroom     16175 or Zoom: https://17thflcourts.zoom.us/j/232523414     on     02-12-2024 8:45 AM    .

All counsel and any self-represented parties MUST appear at the hearing and have their calendars to schedule future matters. This hearing may be canceled: (1) If the parties set the matter for trial prior to the case management conference date; (2) If the action is settled and a Final Order of Dismissal is issued; or (3) The action is dismissed.

1. If your case is:
   Streamlined: Projected date of Trial within 12 months of case filing.
   General Civil: Projected date of Trial within 18 months of case filing.
   Complex: Projected date of Trial within 24 months of case filing.

2. COMPLAINT: The Complaint shall be served within 120 days of filing. Failure to perfect service within 120 days shall subject the action to dismissal without prejudice or dropping of that party as a defendant. If plaintiff shows good cause or excusable neglect for failure to serve within 120 days, the court shall extend the time for service for an appropriate period. (Rule 1.070, Fla.R.Civ.P.)

3. TRIAL: The Uniform Trial Order will be issued, when the case is at issue pursuant to Florida Rules of Civil Procedure, 1.440.

4. DISCOVERY DEADLINES: Deadlines for Witness Lists, Compulsory Medical Examinations, Discovery, Motions, Exhibit Lists, Daubert Challenges, Jury Instructions, and Mediation are specifically detailed in the Uniform Trial Order.

THE UNIFORM TRIAL DATE IS A FIRM TRIAL DATE AND DEADLINES WILL
BE STRICTLY ENFORCED BY THE COURT. STRICT COMPLIANCE MEANS

Case Number: CACE23018974

NO CONTINUANCES/EXTENSIONS WILL BE GRANTED WITHOUT COURT ORDER UPON WRITTEN MOTION SETTING FORTH EXTRAORDINARY CAUSE OR TO PREVENT MANIFEST INJUSTICE.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida on <u>11-09-2023</u> .

CACE23018974 11-09-2023 11:51 AM

Circuit Court Judge

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you have a hearing or voice disability, you can contact the court through the Florida Relay Service by calling 711.**

Copies Furnished:
Anthony M Georges-Pierre, Email : jcosta@rgph.law
Anthony M Georges-Pierre, Email : agpassistant@rgph.law
Anthony M Georges-Pierre, Email : agp@rgph.law

# RETURN OF SERVICE

**State of Florida**          **County of BROWARD**          **Circuit Court**

Case Number: CACE-23-018974

Plaintiff:
**KRYSTLE HAYES,**



ROD2023000328

vs.

Defendant:
**APPLE, INC.,**

For:
ANTHONY GEORGES-PIERRE
REMER & GEORGES-PIERRE PLLC
44 WEST FLAGLER
SUITE 2200
MIAMI, FL 33130

Received by Due Process, LLC on the 6th day of October, 2023 at 9:27 am to be served on **APPLE, INC., THROUGH ITS REGISTERED AGENT: C T CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324**

I, ROBERT LITTLE, do hereby affirm that on the **30th day of November, 2023** at **10:50 am, I:**

served a **CORPORATION** by delivering a true copy of the **SUMMONS IN CIVIL CASE, AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **JASMIN GARY** as **CLERK** for **APPLE, INC., THROUGH ITS REGISTERED AGENT: C T CORPORATION SYSTEM**, at the address of: **1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324**, and informed said person of the contents therein, in compliance with state statutes.

*I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under the perjury, I declare that I have read the foregoing document and the facts in it are true. NO NOTARY REQUIRED PURSUANT TO F.S.92.525(2)*

**ROBERT LITTLE**
SPS #1406

**Due Process, LLC**
**PO BOX 612576**
**MIAMI, FL 33261**
**(305) 916-0757**

Our Job Serial Number: ROD-2023000328

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2u

**IN THE CIRCUIT COURT OF THE**
**SEVENTEENTH JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY, FLORIDA**

| | |
|---|---|
| **KRYSTLE HAYES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **vs.** ) | **CASE NO: CACE-23-018974** |
| ) | |
| **APPLE, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## DEFENDANT'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Defendant, APPLE, INC. ("Defendant"), by and through its undersigned counsel and pursuant to Fla. R. Civ. P. 1.090, moves this Court for an enlargement of time to file its response to Plaintiff KRYSTLE HAYES' Complaint (the "Complaint").  In support of its motion, Defendant states as follows:

1.     Plaintiff filed a Complaint in the Circuit Court of the Seventeenth  Judicial Circuit in and for Broward County, Florida, on September 28, 2023, asserting disability discrimination in violation of the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq.

2.     Plaintiff served Defendant with a Summons and copy of the Complaint on November 30, 2023.  Accordingly, a response to the Complaint is due on or before December 20, 2023.

3.     Defendant respectfully requests a two-week extension of time to respond to the Complaint, through and including January 3, 2024.

4.     The undersigned counsel requires additional time to investigate the allegations in the Complaint and confer with their client to ensure accuracy of responses.

5.     Moreover, the approaching holidays will disrupt the ordinary course of business for both Defendant and Defendant's undersigned counsel.

6.     When an act may or must be done within a specified time, the Court may, for cause, extend the time, with or without notice, if the request is made before the original time or its extension expires.  *See* Fla. R. Civ. P. 1.090.  Here, the instant Motion is brought before the expiration of time for responding to the Complaint.  Defendant respectfully suggests that good cause has been shown for the requested enlargement.

7.     The enlargement is sought in good faith and is not sought for the purposes of delay.

8.     Defendant's counsel conferred with Plaintiff's counsel prior to filing this Motion for Enlargement of Time and Plaintiff's counsel does not oppose the requested enlargement.

## MEMORANDUM OF LAW

When an act may or must be done at within a specified time, the court may extend the extend the deadline for good cause, with or without notice, if the request is made before the original time or its extension expires.  *See* Fla. R. Civ. P. 1.090(b)(1)(A).  The instant Motion is brought before the expiration of time for Defendant to respond to Plaintiff's Complaint. Defendant respectfully submits that good cause exists for the requested enlargement of time. The enlargement of time will allow the undersigned additional time to investigate Plaintiff's allegations and formulate accurate responses.  Moreover, Defendant and the undersigned counsel's normal business operations will be disrupted due to the approaching holiday season. The brief enlargement of time requested by Defendant will not prejudice Plaintiff, as this matter is in the initial pleading stage, nor will it delay these proceedings.

WHEREFORE, Defendant respectfully requests this Honorable Court enter an Order (1) GRANTING this Unopposed Motion; (2) GRANTING Defendant an enlargement of time, through and including January 3, 2024, to respond to Plaintiff's Complaint; and (3) ORDERING such further relief as the Court deems appropriate.

DATED this 20th day of December, 2023.

Respectfully submitted,

JACKSON LEWIS P.C.
390 N. Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone:  (407) 246-8440
Facsimile:  (407) 246-8441

By:     */s/ Vaughn G.S. Glinton, Jr.*
Stephanie Adler-Paindiris
Florida Bar No. 523283
stephanie.adler-paindiris@jacksonlewis.com

Vaughn G.S. Glinton, Jr.
Florida Bar No. 1002778
vaughn.glinton@jacksonlewis.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of December, 2023, the foregoing was electronically filed with the Clerk of the Court by using the Florida Courts E-filing Portal which will send a notice of electronic filing to: Anthony M. Georges-Pierre, Esquire, Jorge L. Costa, Esquire, Remer, Georges-Pierre, & Hoogerwoerd, PLLC, 2745 Ponce De Leon Blvd., Coral Gables, FL 33134.

*/s/ Vaughn G.S. Glinton, Jr.*
Vaughn G.S. Glinton, Jr.

4887-8625-1160, v. 1

3

**IN THE CIRCUIT COURT OF THE**
**SEVENTEENTH JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY, FLORIDA**

_____

**KRYSTLE HAYES,** )
)
          **Plaintiff,** )
**vs.** )          **CASE NO: CACE-23-018974**
)
**APPLE, INC.,** )
)
          **Defendant.** )
_____)

<u>**NOTICE OF APPEARANCE OF COUNSEL AND**</u>
<u>**DESIGNATION OF PRIMARY AND SECONDARY E-MAIL ADDRESSES**</u>

Stephanie L. Adler-Paindiris and Vaughn G.S. Glinton, Jr. on behalf of the law firm of

Jackson Lewis P.C., hereby file this Notice of Appearance of Counsel for Defendant, APPLE,

INC. in the above-styled matter and designate their Primary and Secondary e-mail addresses for

service of all future documents, notices, motions, orders, judgments, and other pleadings filed in

this case as follows:

          **Primary E-mail Address**: stephanie.adler-paindiris@jacksonlewis.com

          **Secondary E-mail Address**: alicia.franchino@jacksonlewis.com; and

          OrlandoDocketing@jacksonlewis.com

          **Primary E-mail Address:**    vaughn.glinton@jacksonlewis.com

          **Secondary E-mail Address:** shelly.rundell@jacksonlewis.com; and

          OrlandoDocketing@jacksonlewis.com

Where service of hard copies is to be made in addition to the e-mail service required by

Rule 2.516(b)(1)(A), counsel request that the copies be served upon them at the physical address

below.

DATED this 20th day of December, 2023.

Respectfully submitted,

JACKSON LEWIS P.C.
390 N. Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone:  (407) 246-8440
Facsimile:  (407) 246-8441


By:    */s/ Vaughn G.S. Glinton, Jr.*
Stephanie Adler-Paindiris
Florida Bar No. 523283
stephanie.adler-paindiris@jacksonlewis.com

Vaughn G.S. Glinton, Jr.
Florida Bar No. 1002778
vaughn.glinton@jacksonlewis.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of December, 2023, the foregoing was electronically filed with the Clerk of the Court by using the Florida Courts E-filing Portal which will send a notice of electronic filing to: Anthony M. Georges-Pierre, Esquire, Jorge L. Costa, Esquire, Remer, Georges-Pierre, & Hoogerwoerd, PLLC, 2745 Ponce De Leon Blvd., Coral Gables, FL 33134.


*/s/ Vaughn G.S. Glinton, Jr.*
Vaughn G.S. Glinton, Jr.

4887-8625-1160, v. 1

2

# JacksonLewis

**Jackson Lewis P.C.**
390 N. Orange Avenue, Suite 1285
Orlando Florida 32801
(407) 246-8440 Direct
(407) 246-8441 Fax
jacksonlewis.com

December 20, 2023

**VIA E-FILING PORTAL**

Honorable Martin J. Bidwill
Circuit Court Judge
Broward County Courthouse
201 S.E. 6th Street
Fort Lauderdale, FL 33301

**Re:**   *Krystle Hayes v. Apple, Inc.*
         Case No. CACE-23-018974

Dear Judge Bidwill:

Attached please find a proposed Order on Defendant's Unopposed Motion for Enlargement of Time to Respond to Plaintiff's Complaint, which was electronically filed this date in the above-referenced matter. Counsel for Plaintiff has reviewed and approves of the content and form of the proposed Order. If the proposed Order meets with your approval, we kindly ask that you execute same and have your judicial assistant e-file the Order for distribution to the parties through the Florida Courts E-filing Portal.

Thank you for your consideration of this matter.

Sincerely,

Vaughn G.S. Glinton, Jr.
(407) 246-8458 Direct
vaughn.glinton@jacksonlewis.com
Jackson Lewis P.C.

VGG/jh
cc:   Anthony M. Georges-Pierre, Esquire

4868-2312-5144, v. 1

**IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

_____

**KRYSTLE HAYES,**

      **Plaintiff,**

**vs.**                                **CASE NO: CACE-23-018974**

**APPLE, INC.,**

      **Defendant.**

_____

## ORDER ON DEFENDANT'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

THIS MATTER is before the Court upon the Defendant's Unopposed Motion for Enlargement of Time to Respond to Plaintiff's Complaint. The Court, having carefully considered the Motion and having been fully advised in the premises, finds that there is good cause to grant the relief requested. It is therefore,

ORDERED AND ADJUDGED that Defendant's Unopposed Motion for Enlargement of Time to Respond to Plaintiff's Complaint is hereby GRANTED. The Defendant shall have until January 3, 2024, to file a response to Plaintiff's Complaint.

**DONE AND ORDERED** in Chambers at Broward County, Florida on 21st day of December, 2023.

CACE23018974 12-21-2023 3:31 PM
Hon. Martin Bidwill
**CIRCUIT COURT JUDGE**
Electronically Signed by Martin Bidwill

**Copies Furnished To:**
Anthony M Georges-Pierre , E-mail : jcosta@rgph.law

Anthony M Georges-Pierre , E-mail : agpassistant@rgph.law
Anthony M Georges-Pierre , E-mail : agp@rgph.law
Stephanie L Adler-Paindiris , E-mail : adlers@jacksonlewis.com
Stephanie L Adler-Paindiris , E-mail : alicia.franchino@jacksonlewis.com
Stephanie L Adler-Paindiris , E-mail : OrlandoDocketing@JacksonLewis.com
Vaughn G Glinton , E-mail : orlandodocketing@jacksonlewis.com
Vaughn G Glinton , E-mail : shelly.rundell@jacksonlewis.com
Vaughn G Glinton , E-mail : vaughn.glinton@jacksonlewis.com

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA**

|  |  |  |
|---|---|---|
| **KRYSTLE HAYES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **CASE NO: CACE-23-018974** |
| | ) | |
| **APPLE INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S NOTICE OF FILING NOTICE OF AND PETITION FOR REMOVAL

Defendant, APPLE INC. ("Defendant"), by and through its undersigned counsel, pursuant to 28 U.S.C § 1331, § 1367, § 1441, § 1446 and the Federal Rules of Civil Procedure hereby gives notice that the attached copy of the Notice of and Petition for Removal has been filed with the Clerk of the Court for the United States District Court of the Southern District of Florida, Ft. Lauderdale Division.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated this 26th day of December, 2023.

Respectfully submitted,

JACKSON LEWIS P.C.
390 N. Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 246-8440
Facsimile: (407) 246-8441

By: */s/ Stephanie Adler-Paindiris*
Stephanie Adler-Paindiris
Florida Bar No. 523283
stephanie.adler-paindiris@jacksonlewis.com

Vaughn G.S. Glinton, Jr.
Florida Bar No. 1002778
vaughn.glinton@jacksonlewis.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of December, 2023, the foregoing was electronically filed with the Clerk of the Court by using the Florida Courts E-filing Portal which will send a notice of electronic filing to: Anthony M. Georges-Pierre, Esquire, Jorge L. Costa, Esquire, Remer, Georges-Pierre, & Hoogerwoerd, PLLC, 2745 Ponce De Leon Blvd., Coral Gables, FL 33134, agp@rgph.law, jcosta@rgph.law.

*/s/ Stephanie Adler-Paindiris*
Attorney

4873-7104-4246, v. 1

2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FT. LAUDERDALE DIVISION

|  |  |  |
|---|---|---|
| **KRYSTLE HAYES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.** |
| | ) | |
| **APPLE INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF AND PETITION FOR REMOVAL

Pursuant to 28 U.S.C. § 1332, § 1441(a), and § 1446, Defendant, APPLE INC. ("Defendant"), through its undersigned counsel, hereby requests this Court to remove this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, where the action is now pending under Case No. CACE-23-018974 to the United States District Court for the Southern District of Florida, Ft. Lauderdale Division.  In support of this Removal, Defendant states as follows:

## I.   The State Court Action

1.   On October 4, 2023, Plaintiff Krystle Hayes ("Plaintiff") initiated a civil action captioned *Krystle Hayes v. Apple Inc.*, Case No. CACE-23-018974

in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Ft. Lauderdale Division ("State Court Action"). The Complaint in the State Court Action seeks relief for alleged disability discrimination and retaliatory discharge in violation of the Florida Civil Rights Act ("FCRA").

2.    On November 30, 2023, Defendant was served with the Summons and a copy of the Complaint. Therefore, this Notice has been filed within 30 days after service upon Defendant of the pleading setting forth the claims for relief upon which this removal is based as required by 28 U.S.C. § 1446(b).

3.    Pursuant to 28 U.S.C. § 1446(a), a complete copy of all process and pleadings received by Defendant in the State Court Action to date are attached as Composite Exhibit "A." Defendant has not served any answer or responsive pleading to the Complaint.

4.    This action is within the original jurisdiction of the United States District Court, pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

5.      The United States District Court for the Southern District Court of Florida, Ft. Lauderdale Division encompasses the judicial district in which Plaintiff filed her Complaint.  Thus, removal is proper to this Court pursuant to 28 U.S.C. § 1441.

6.      Pursuant to 28 U.S.C. § 1446(d), Defendant has provided written notice of the removal to all parties in this action and has filed a copy of this Notice of and Petition for Removal in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

## II.     Removal is Proper Based on Diversity Jurisdiction

An action filed in state court may be removed to federal court based on diversity of citizenship, 28 U.S.C. § 1332.  This Court has diversity of citizenship jurisdiction over this action as the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75, 000.00, exclusive of interests and costs.

### A.     Complete Diversity of Citizenship Exists

Removal is proper based on diversity jurisdiction.  Pursuant to 28 U.S.C. § 1332(a), district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between 'citizens of different states.'"

As explained below, diversity jurisdiction exists here because Plaintiff is a citizen of Florida, Defendant is a corporation that is not a citizen of Florida, and the amount in controversy easily exceeds $75,000.00.

> **1.** **Plaintiff and Defendant are Citizens of Different States**

> **a.** **Plaintiff is a Citizen of the State of Florida.**

An individual is a citizen of the state in which he or she is domiciled; a citizen's domicile is the state where the individual maintains his or her "true, fixed, and permanent home …. " *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quoting *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)) (internal quotations and citations omitted).

While there is a presumption that the state in which a person resides is that person's domicile, for purposes of diversity jurisdiction, domicile is determined by residence and intent to remain. *Grant v. Pottinger-Gibson*, 2017 U.S. Dist. LEXIS 111695, at *6-7 (S.D. Fla. July 17, 2017) (finding removal was proper where defendant made a minimal showing of domicile and citizenship); *Jakobot v. Am. Airlines, Inc.*, 2011 U.S. Dist. LEXIS 64824, at *5 (S.D. Fla. June 20, 2011).  Courts consider a party's residence as part of the "totality of the evidence" to supplement a residence allegation.  *Id.* at *6-7.

The totality of the evidence shows that Plaintiff is domiciled in and intends to remain a citizen of the State of Florida. Throughout the course of Plaintiff's eleven-year employment with Defendant, she provided Defendant with Florida addresses as her residences. *See* Declaration of Ms. Catherine Spevak ¶ 6, attached as Exhibit "B." Defendant is not aware of any non-Florida address for Plaintiff. *Id.* ¶ 7. Plaintiff began her employment with Defendant on or about October 7, 2011, as a Specialist and provided Defendant with a Coral Springs, Florida address. *Id.* ¶ 6(a), Ex. 1. On August 1, 2015, Plaintiff accepted an At-Home Advisor position with Defendant. *Id.* ¶ 6(a), Ex. 2. As a condition for this position, Plaintiff agreed to work from her home office location and provided a Coconut Creek, Florida address as her home office location. *Id.* The agreement stated, "**I understand that my work location must be the home I live in and cannot be an office space leased or rented from a third party**." *Id.* (emphasis added). Therefore, by providing the Coconut Creek, Florida address, Plaintiff indicated that it was her residence. Moreover, at the time of her termination on June 7, 2022, Defendant maintained a Margate, Florida address on file for Plaintiff. *Id.* ¶ 6(c).

Beyond Defendant's personnel documents, other documents indicate that Plaintiff is a citizen of the state of Florida.  For example, Plaintiff's current public voter registration establishes that she has been registered to vote in Florida since October 8, 2008.[1]  *See* Plaintiff's Florida Voter's Registration attached as Exhibit "C."  Plaintiff also provided a Margate, Florida address on her EEOC Charge of Discrimination.  *See* Plaintiff's EEOC Charge of Discrimination attached as Exhibit "D." Furthermore, in the Complaint, Plaintiff states "At all times material hereto, Plaintiff was a resident of Broward County, Florida." *See* Exhibit "A", Complaint ¶ 2.  Thus, Defendant has shown that Plaintiff is a citizen of the State for Florida for the purpose of removal.

### b.    Defendant is not a Florida citizen.

"For diversity purposes, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business." *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) (citing 28 U.S.C. § 1332(c).  Defendant is a corporate citizen of California as it

---

[1] Defendant respectfully requests that the Court to take judicial notice of the existence of Plaintiff's Florida voter registration.  Courts can take judicial notice where the fact in question is one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). *See also Chinn v. PNC Bank, N.A.*, Fed. Appx. 859, 860 n. 1 (11th Cir. 2012) (noting that a district court may take judicial notice of facts capable of accurate and ready determination by using sources whose accuracy cannot be questioned, including public records)

is incorporated under the laws of California and maintains its principal place of business in California.   Declaration of Ms. Spevak ¶ 4.   Therefore, Defendant is not a citizen of Florida, and has satisfied its burden of showing complete diversity among the parties.

### 2.   The Amount in Controversy is Satisfied[2]

In her Complaint, Plaintiff alleges that she is seeking (1) back pay; (2) compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life; (3) reinstatement or front pay in lieu of reinstatement; and (4) costs of this litigation, including attorney's fees.   *See* Exhibit "A," Complaint at 3–4.   Plaintiff does not identify the amount of her alleged damages in her Complaint, but asserts that she is seeking "damages exceeding $50,000.00 excluding attorneys' fees or costs."   *Id.* ¶ 1.

"Where the plaintiff has not [pled] a specific amount of damages. . . . the defendant is required to show that by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001.  "In some cases, this burden requires the removing defendant to provide additional evidence

---

[2] The following analysis is made to demonstrate that the amount in controversy in this action is more than likely not in excess of the jurisdictional limit at issue.  By making this analysis, Defendant makes no admission that Plaintiff is entitled to any damages or to any form of relief whatsoever.

demonstrating that removal is proper.  *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

In determining the amount in controversy, a court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations," as well as rely on judicial "experience and common sense." *Id.* at 1061–1062.  A court need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 770 (11th Cir. 2010).  "[If] a removing defendant makes specific factual allegations establishing jurisdiction and can support them . . . with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations[,] [t]hat kind of reasoning is not akin to conjecture, speculation or star gazing." *Id.* at 753.

Moreover, "[w]hen determining whether the amount in controversy requirement has been met, district courts should only consider the amount the plaintiff has placed in controversy, not the amount the plaintiff is likely to recover." *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 730 (11th Cir. 2014).  The defendant "need only prove the jurisdictional facts necessary to establish . . . damages in an amount necessary to reach the

8

jurisdictional minimum are at issue—that is, that such damages could be awarded." *Id.* at 731 (emphasis in original).

    a.    **Back Pay**

Plaintiff seeks back pay as part of her damages against Defendant. *See* Exhibit "A," Complaint at 4. Pursuant to the FCRA, a prevailing plaintiff is presumptively entitled to back pay. *Gonzalez v. Honeywell Int'l, Inc.,*2017 U.S. Dist. LEXIS 5837, at *5 (M.D. Fla. Jan. 17, 2017). In determining the amount in controversy, many courts have held that back pay may be calculated through the estimated date of trial. *Id.* at *5 (M.D. Fla. Jan. 17, 2017) (collecting cases); *See Gower v. Reckitt Benckiser, LLC,* 2019 U.S. Dist. LEXIS 248812, at *8 (S.D. Fla. Apr. 30, 2019) ("[T]he Court sees no reason to vary from its prior decision finding back pay may be calculated from the date of termination through the date of trial."). At the time of Plaintiff's termination on June 7, 2022, Plaintiff's hourly rate of pay was $25.24 per hour, which equated to $4,374.33 per month or $52,492 annually. *See* Declaration of Ms. Spevak¶ 8. For removal purposes, Defendant conservatively assumes that this matter will go to trial a year after removal, in December 2024. From her termination to the anticipated trial date, Plaintiff's back pay damages could be calculated at approximately **$131,229.90 (**$4,374.33 x 30 months)**.**

Thus, the amount in controversy requirement is satisfied by considering Plaintiff's back pay damages alone.

     **b.**    **Front Pay**

Plaintiff also seeks front pay under the FCRA. *See* Exhibit "A," Complaint at 4. Under the FCRA, a prevailing plaintiff is presumptively entitled to reinstatement or front pay. *See Penalver v. N. Elec., Inc.*, 2012 U.S. Dist. LEXIS 53662, at *6 (S.D. Fla. Apr. 17, 2012). "Courts in this Circuit have previously held that it is reasonable to add one year of front pay to the amount in controversy in an FCRA employment discrimination case." *Gonzalez*, 2017 U.S. Dist. LEXIS 5837, at *6 (citing cases). Here, Plaintiff's estimated front pay for one year is approximately **$52,492**. Thus, Plaintiff's back and front pay damages clearly exceed the amount in controversy threshold (**$131,229.90 + $52,492).**

     **c.**    **Compensatory Damages**

Plaintiff also seeks compensatory damages under the FCRA. *See* Exhibit "A," Complaint at 4. Under the FCRA, a prevailing plaintiff may be awarded compensatory damages, including but not limited to damages for mental anguish, loss of dignity, and any other intangible injuries. Fla. Stat. § 760.11(5). Importantly, the FCRA does not cap compensatory damages. *Id.*

For purposes of evaluating potential emotional distress damages, courts have looked to "decisions in comparable cases to determine whether the amount in controversy requirement is met." *Risk v. JetBlue Airways Corp.*, 2017 U.S. Dist. LEXIS 62542, at *6 (S.D. Fla. Apr. 24, 2017) (citing *Gavronsky v. Walgreen Co.*, 2010 U.S. Dist. LEXIS 24008, at *7 (M.D. Fla. Feb. 26, 2010)). Courts in this circuit have permitted awards for emotional distress and other intangible injuries for claims in employment discrimination cases that have alone been in excess of $75,000. *See Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1344 (11th Cir. 2000) (affirming an award of $150,000 in compensatory damages for emotional distress in an employment discrimination case); *Copley v. Bax Glob., Inc.*, 97 F. Supp. 2d 1164, 1172 (S.D. Fla. 2000) (ordering a jury's award for emotional plan and mental anguish be remitted to $100,000 in an employment discrimination case); *Hill v. Xerox Corp.*, 998 F. Supp. 1378, 1384 (N.D. Fla. 1998) (finding the jury's assessment of $457,000 for damages for mental anguish in an employment discrimination case was not unreasonable). As such, even assuming Plaintiff was awarded compensatory damages as low as $30,000, the amount in controversy with back pay, front pay and

11

compensatory damages, is over the threshold amount in controversy ($131,229.90 + $52,492 + $30,000).[3]

### d.   Attorney's Fees

Plaintiff also seeks attorney's fees under the FCRA.  An award of attorney's fees is permitted to the prevailing party under the FCRA. § Fla. Stat. § 760.11(5).  "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000).

Defendant conservatively estimates that Plaintiff's counsel could be expected to expend at least 200 hours litigating this action through trial, which would include depositions of witnesses, drafting and answering discovery, dispositive motion practice, and preparing for and attending a multiple day trial.  Even at a conservative hourly rate of $250, Plaintiff would incur at least **$50,000** in attorney's fees ($250 x 200 hours).  This estimate is consistent with how courts in the Eleventh Circuit have defined "reasonableness" in terms of hours spent litigating similar cases. *See, e.g.*, *Holland v. Gee*, 2012 U.S Dist. LEXIS 164956, at *16 (M.D. Fla. Oct. 23, 2012)

---

[3] Defendant in no way concedes that Plaintiff has suffered compensatory damages or is otherwise entitled to any damages.  Rather in the absence of a dollar amount pled by Plaintiff, this is a reasonable approach to determine the amount Plaintiff is claiming in damages as the amount in controversy.

(affirming an estimate of 260.8 billed hours by lead attorney and 190.8 hours billed by associate attorney as reasonable in a Title VII and FCRA case that proceeded through trial), *report and recommendation adopted,* 2012 U.S. Dist. LEXIS 164945 (S.D. Fla. Nov. 19, 2022); *Joseph v. Publix Super Markets, Inc.*, 2004 U.S. Dist. LEXIS 30889, at *15-16 (S.D. Fla. Mar. 29, 2004) (awarding plaintiff $187,874.50 in attorneys' fees in a Title VII case based upon 1,023 hours of attorneys' billable time).

Further, courts have also found that $250 to $300 per hour is a reasonable hourly rate for plaintiffs' attorneys in employment discrimination cases. *See e.g., St. Fleur v. City of Fort Lauderdale*, 149 Fed. App'x 849, 852-53 (11th Cir. 2005) (affirming $250 as a reasonable hourly rate for lead trial attorneys litigating a Title VII claim in the Middle District of Florida); *see Brown v. Sch. Bd. of Broward County*, 2010 U.S. Dist. LEXIS 85084,*2, 8 (S.D. Fla. June 29, 2010) (finding $250 was a reasonable rate for a plaintiff's attorney with six years of experience litigating a Title VII claim in the Southern District of Florida). Plaintiff's counsel Anthony M. Georges-Pierre, Esquire, has been admitted to practice law in the State of Florida since December 20, 2001, almost twenty-two years, so the Court may use $250 as a reasonable rate.

## **CONCLUSION**

Based on Plaintiff's claims for back pay, front pay compensatory damages, and attorney's fees, Defendant respectfully submits that it has established by a preponderance of the evidence that the amount in controversy in this matter exceeds $75,000.  Defendant has also established diversity of citizenship as Plaintiff is a citizen of Florida and Defendant is a citizen of California.

WHEREFORE, Defendant, APPLE INC., respectfully removes the State Court Action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, and requests that this Court take jurisdiction of this civil action to the exclusion of any further proceedings in state court and grant such further relief as the Court deems just and appropriate.

DATED this 26th day of December, 2023.

Respectfully submitted,

JACKSON LEWIS P.C.
390 N. Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone:  (407) 246-8440
Facsimile:  (407) 246-8441

By:  */s/ Stephanie Adler-Paindiris*
Stephanie Adler-Paindiris
Florida Bar No. 523283
stephanie.adler-paindiris@jacksonlewis.com

Vaughn G.S. Glinton, Jr.
Florida Bar No. 1002778
vaughn.glinton@jacksonlewis.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of December, 2023, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Anthony M. Georges-Pierre, Esquire, Jorge L. Costa, Esquire, Remer, Georges-Pierre, & Hoogerwoerd, PLLC, 2745 Ponce De Leon Blvd., Coral Gables, FL 33134, agp@rgph.law, jcosta@rgph.law.

*/s/ Stephanie Adler-Paindiris*
Attorney

4855-5419-7398, v. 2

15

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**

KRYSTLE HAYES

**DEFENDANTS**

APPLE INC.

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
         THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Jorge Costa, Remer, Georges-Pierre, et al., 2745 Ponce De Leon Blvd.

Attorneys *(If Known)*

Stephanie Adler-Paindiris, Jackson Lewis P.C. 390 N. Orange Ave.

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE   ☐ MONROE   ☐ BROWARD   ☐ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE   ☐ HIGHLANDS

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
      Plaintiff

☐ 3   Federal Question
      *(U.S. Government Not a Party)*

☐ 2   U.S. Government
      Defendant

☒ 4   Diversity
      *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)*                       *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 690 Other | 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability | | | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 365 Personal Injury - | | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander | Product Liability | **INTELLECTUAL PROPERTY** | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 367 Health Care/ | **RIGHTS** | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability | Pharmaceutical | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced |
| Student Loans | ☐ 340 Marine | Personal Injury | ☐ 830 Patent | and Corrupt Organizations |
| (Excl. Veterans) | ☐ 345 Marine Product | Product Liability | ☐ 835 Patent – Abbreviated | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 368 Asbestos Personal | New Drug Application | (15 USC 1681 or 1692) |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | Injury Product Liability | ☐ 840 Trademark | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | | ☐ 880 Defend Trade Secrets | Protection Act (TCPA) |
| ☐ 190 Other Contract | Product Liability | **PERSONAL PROPERTY** | Act of 2016 | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 370 Other Fraud | | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury | ☐ 371 Truth in Lending | **LABOR** | Exchange |
| | ☐ 362 Personal Injury - | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards Act | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | Med. Malpractice | Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | **CIVIL RIGHTS** | Product Liability | ☐ 751 Family and Medical | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 440 Other Civil Rights | | Leave Act | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 441 Voting | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Employee Retirement | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 443 Housing/ | ☐ 463 Alien Detainee | Income Security Act | Agency Decision |
| | Accommodations | ☐ 510 Motions to Vacate | | ☐ 950 Constitutionality of |
| | ☐ 445 Amer. w/Disabilities - | Sentence | **FEDERAL TAX SUITS** | State Statutes |
| | Employment | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 535 Death Penalty | Defendant) | |
| | Other | **Other:** | ☐ 871 IRS—Third Party 26 USC | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | 7609 | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | **IMMIGRATION** | |
| | | ☐ 560 Civil Detainee – | ☐ 462 Naturalization Application | |
| | | Conditions of | ☐ 465 Other Immigration | |
| | | Confinement | Actions | |

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**V. ORIGIN** *(Place an "X" in One Box Only)*

☐ 1 Original
    Proceeding
☒ 2 Removed
    from State
    Court
☐ 3 Re-filed
    (See VI
    below)
☐ 4 Reinstated
    or
    Reopened
☐ 5 Transferred from
    another district
    *(specify)*
☐ 6 Multidistrict
    Litigation
    Transfer
☐ 7 Appeal to
    District Judge
    from Magistrate
    Judgment
☐ 8 Multidistrict
    Litigation
    – Direct
    File
☐ 9 Remanded from
    Appellate Court

**VI. RELATED/
RE-FILED CASE(S)**        (See instructions): a) Re-filed Case ☐YES ☐ NO      b) Related Cases ☐YES ☐ NO
                          **JUDGE:**                        **DOCKET NUMBER:**

**VII. CAUSE OF ACTION**   Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332; Fla. Stat. § 760.01, et seq.; Disability Discrimination
                          LENGTH OF TRIAL via ____ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN
COMPLAINT:**               ☐ CHECK IF THIS IS A **CLASS ACTION**      **DEMAND $**                    CHECK YES only if demanded in complaint:
                          UNDER F.R.C.P. 23                                                         **JURY DEMAND:**  ☒ Yes   ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**
DATE   12/26/2023                       SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY : RECEIPT #_____   AMOUNT_____   IFP_____   JUDGE_____   MAG JUDGE_____**

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.**      (a) **Plaintiffs-Defendants**.  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence**.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**      **Jurisdiction**.  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.  Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

**III.**      **Residence (citizenship) of Principal Parties**.  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**      **Nature of Suit**.  Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**      **Origin**.  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

Remanded from Appellate Court. (8) Check this box if remanded from Appellate Court.

**VI.**      **Related/Refiled Cases**. This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

**VII.**      **Cause of Action**.  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
                              Brief Description: Unauthorized reception of cable service

**VIII.**      **Requested in Complaint**.  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature**.  Date and sign the civil cover sheet.

*Composite Exhibit A*

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>KRYSTLE HAYES</u>
Plaintiff

Case # _____

Judge _____

vs.
<u>Apple, Inc.</u>
Defendant

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☒ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

### III.   TYPE OF CASE   (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

    **IV.**     **REMEDIES SOUGHT** (check all that apply):
    ☒ Monetary;
    ☒ Nonmonetary declaratory or injunctive relief;
    ☒ Punitive

    **V.**     **NUMBER OF CAUSES OF ACTION:** [   ]
    (Specify)

    1

    **VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
        ☐ yes
        ☒ no

    **VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
        ☒ no
        ☐ yes If "yes," list all related cases by name, case number, and court.
        N/A

    **VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
        ☒ yes
        ☐ no

    **IX.**     **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
        ☐ yes
        ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Anthony M Georges-Pierre      Fla. Bar # 533637
        Attorney or party           (Bar # if attorney)

Anthony M Georges-Pierre         09/28/2023
 (type or print name)         Date

- 3 -

**IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA**

KRYSTLE HAYES,                                                    CASE NO.:

      Plaintiff,

vs.

APPLE, INC.,

      Defendant.

_____/

## COMPLAINT

**COMES NOW,** The Plaintiff, KRYSTLE HAYES, ("Plaintiff"), by and through the

undersigned counsel, and pursuant to Rule 1.040, Florida Rules of Civil Procedure, files this

Civil Action against Defendant, APPLE, INC., ("Defendant"), and alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $50,000.00 excluding attorneys' fees

   or costs for damages under Florida Civil Rights Act of 1992 (FCRA), §760.01, *et seq*., Florida

   Statutes, discrimination based on disability, and retaliatory discharge of an employee in

   violation of FCRA.

2. At all times material hereto, Plaintiff was a resident of Broward County, Florida.

3. Defendant is a corporation authorized to conduct business in the State of Florida,

4. Venue is proper in Broward County pursuant to Florida Statutes because the employment

   practices hereafter alleged to be unlawful were committed within the jurisdiction of Broward

   County. Venue is proper in Broward County because all of the actions that form the basis of this

   Complaint occurred within Broward County.

1

5.  Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC), the agency which is responsible for investigating claims of employment discrimination.

6.  Defendant is an "employer" under the FCRA, because it employes fifteen (15) or more persons during the relevant time period. Plaintiff is an "employee" of the Defendant within the meaning of the FCRA and is also a qualified employee under the FCRA.

7.  This Court has jurisdiction under section 47.011 and 47.051, Florida Statutes, because the actions which form the basis of the Complaint happened in Broward County, Florida.

8.  All conditions precedent for the filing of this action before this Court have indeed been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

9.  Plaintiff was hired, and began working for Defendant on or about October 7, 2011, as a Tech Support Agent.

10. On or about on or about May 30, 2021, Plaintiff broke her left ankle.

11. As a result of this fracture Plaintiff was disabled and had to undergo a surgery on or about June 1, 2021. Plaintiff's ability to walk, sit, run, were impaired as a result of her disability. Plaintiff's disability affected these major life activities.

12. Plaintiff noticed Defendant of her fracture and need for surgery. Plaintiff provided medical documentation to Defendant, evidencing her fracture. Specifically, Plaintiff notified her supervisor Mukund Khalasi of the fracture and surgery.

13. Plaintiff was required to undergo physical therapy as a result of her accident and subsequent disability, and was later terminated on or about June 7, 2022, and replaced by a person outside of her protected class.

14. The reason proffered by Defendant for the adverse employment action is a mere pretext for unlawful discrimination because of Plaintiff's disability.

### COUNT I
*Disability Discrimination in Violation of the FCRA*

15. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 above as if set out in full herein.

16. Plaintiff is a member of a protected class under the FCRA, as a result of her disability.

17. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

18. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff was disabled.

19. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

20. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

21. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

22. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

23. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

      **WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a.   Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b.   Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c.   Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d.   Require Defendant to reinstate Plaintiff to his prior positions at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    e.   Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

    f.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

24. Plaintiff requests trial by jury for all issues so triable.

**[Intentionally Left Blank]**

Dated: September 28, 2023                        Respectfully submitted,

                                        */s/ Jorge L. Costa*
                                        Anthony M. Georges-Pierre, Esq.
                                        Florida Bar No.: 0533637
                                        Jorge L. Costa, Esq.
                                        Florida Bar No.: 1031513
                                        REMER, GEORGES-PIERRE, &
                                        HOOGERWOERD, PLLC
                                        2745 Ponce De Leon Blvd,
                                        Coral Gables, Fl 33134
                                        T. (305) 416-5000
                                        Email: jcosta@rgph.law
                                        agp@rgph.law              .
                                        *Counsel for Plaintiff*

Case 0:23-cv-62039-XXXX   Document 1-2   Entered on FLSD Docket 12/06/2024   Page 49 of 127

IN THE CIRCUIT COURT OF THE
17th JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

KRYSTLE HAYES,                                    CASE NO.: CACE-23-018974

      Plaintiff,

v.

APPLE, INC.,

      Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** APPLE, INC., through its Registered Agent:

C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
200 E. GAINES ST.
PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC.
2745 PONCE DE LEON
CORAL GABLES, FL  33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____          OCT 05 2023
CLERK                                                         DATE

_____
(BY) DEPUTY CLERK

**BRENDA D. FORMAN**

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: **CACE23018974**

JUDGE: **Bidwill, Martin J. (05)**

**KRYSTLE HAYES**

Plaintiff(s),

vs.

**Apple, Inc.**

Defendant(s).

_____/

UNIFORM CASE MANAGEMENT ORDER:

**ALL PARTIES MUST READ CAREFULLY/STRICT COMPLIANCE IS MANDATORY**

In accordance with Florida Rule Civil Procedure 1.200, and the Supreme Court AO20-23,
Amendment 10, the Court hereby orders a <u>MANDATORY </u>Case Management Conference to be
held in Courtroom     16175 or Zoom: https://17thflcourts.zoom.us/j/232523414     on     02-12-
2024 8:45 AM     .

All counsel and any self-represented parties <u>MUST </u>appear at the hearing and have their calendars
to schedule future matters. This hearing may be canceled: (1) If the parties set the matter for trial
prior to the case management conference date; (2) If the action is settled and a Final Order of
Dismissal is issued; or (3) The action is dismissed.

1. If your case is:
   <u>Streamlined:</u> Projected date of Trial within 12 months of case filing.
   <u>General Civil:</u> Projected date of Trial within 18 months of case filing.
   <u>Complex:</u> Projected date of Trial within 24 months of case filing.

2. <u>COMPLAINT:</u> The Complaint shall be served within 120 days of filing. Failure to perfect
   service within 120 days shall subject the action to dismissal without prejudice or dropping of
   that party as a defendant. If plaintiff shows good cause or excusable neglect for failure to
   serve within 120 days, the court shall extend the time for service for an appropriate period.
   (Rule 1.070, Fla.R.Civ.P.)

3. <u>TRIAL:</u> The Uniform Trial Order will be issued, when the case is at issue pursuant to Florida
   Rules of Civil Procedure, 1.440.

4. <u>DISCOVERY DEADLINES:</u> Deadlines for Witness Lists, Compulsory Medical
   Examinations, Discovery, Motions, Exhibit Lists, Daubert Challenges, Jury Instructions, and
   Mediation are specifically detailed in the Uniform Trial Order.

THE UNIFORM TRIAL DATE IS A FIRM TRIAL DATE AND DEADLINES WILL
BE STRICTLY ENFORCED BY THE COURT. STRICT COMPLIANCE MEANS

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 11/09/2023 11:51:43 AM.****

NO CONTINUANCES/EXTENSIONS WILL BE GRANTED WITHOUT COURT ORDER
UPON WRITTEN MOTION SETTING FORTH EXTRAORDINARY CAUSE OR TO
PREVENT MANIFEST INJUSTICE.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida on  11-09-
2023
         .

CACE23018974 11-09-2023 11:51 AM
_____
Circuit Court Judge

**If you are a person with a disability who needs any accommodation in order to
participate in this proceeding, you are entitled, at no cost to you, to the provision
of certain assistance. Please contact the ADA Coordinator, Room 20140, 201
S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days
before your scheduled court appearance, or immediately upon receiving this
notification if the time before the scheduled appearance is less than 7 days. If
you have a hearing or voice disability, you can contact the court through the
Florida Relay Service by calling 711.**

Copies Furnished:
Anthony M Georges-Pierre, Email : jcosta@rgph.law
Anthony M Georges-Pierre, Email : agpassistant@rgph.law
Anthony M Georges-Pierre, Email : agp@rgph.law

# RETURN OF SERVICE

**State of Florida**              **County of BROWARD**              **Circuit Court**

Case Number: CACE-23-018974

Plaintiff:
**KRYSTLE HAYES,**


ROD2023000328

vs.

Defendant:
**APPLE, INC.,**

For:
ANTHONY GEORGES-PIERRE
REMER & GEORGES-PIERRE PLLC
44 WEST FLAGLER
SUITE 2200
MIAMI, FL 33130

Received by Due Process, LLC on the 6th day of October, 2023 at 9:27 am to be served on **APPLE, INC.,**
**THROUGH ITS REGISTERED AGENT: C T CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND**
**ROAD, PLANTATION, FL 33324**

I, ROBERT LITTLE, do hereby affirm that on the **30th day of November, 2023** at **10:50 am, I:**

served a **CORPORATION** by delivering a true copy of the **SUMMONS IN CIVIL CASE, AND**
**COMPLAINT** with the date and hour of service endorsed thereon by me, to: **JASMIN GARY** as **CLERK**
for **APPLE, INC., THROUGH ITS REGISTERED AGENT: C T CORPORATION SYSTEM**, at the
address of: **1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324**, and informed said person of
the contents therein, in compliance with state statutes.

*I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process*
*Server, in good standing, in the judicial circuit in which the process was served. Under the perjury, I*
*declare that I have read the foregoing document and the facts in it are true. NO NOTARY REQUIRED*
*PURSUANT TO F.S.92.525(2)*

**ROBERT LITTLE**
SPS #1406

**Due Process, LLC**
**PO BOX 612576**
**MIAMI, FL 33261**
**(305) 916-0757**

Our Job Serial Number: ROD-2023000328

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2u

## KRYSTLE HAYES Plaintiff vs. Apple, Inc. Defendant

**Broward County Case Number:** CACE23018974
**State Reporting Number:** 062023CA018974AXXXCE
**Court Type:** Civil
**Case Type:** Other - Discrimination Employment or Other
**Incident Date:** N/A
**Filing Date:** 09/28/2023
**Court Location:** Central Courthouse
**Case Status:** Pending
**Magistrate Id / Name:** N/A
**Judge ID / Name:** Bidwill, Martin J.

### ─ Party(ies)

Total: 2

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address ★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **HAYES, KRYSTLE** | | ★ Costa, Jorge Luis<br>Retained<br>Bar ID: 1031513<br>Mr. Jorge Luis Costa<br>2745 Ponce De Leon Blvd<br>Coral Gables, FL 33134-6004<br>**Status: Active** |
| Defendant | **Apple, Inc.** | | |

### ─ Disposition(s)

Total: 0

| Date | Statistical Closure(s) | | |
|---|---|---|---|
| Date | Disposition(s) | View | Page(s) |

### ─ Collection(s)

Total: 0

**There is no Collection information available for this case.**

## ▬ Event(s) & Document(s)

Total: 6

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 12/04/2023 | **Affidavit of Service** | 11/30/23<br>Party: *Defendant* Apple, Inc. | 📄 | 1 |
| 11/09/2023 | **Case Management Order** | on 02-12- 2024 , 8:45 AM | 📄 | 2 |
| 10/04/2023 | **eSummons Issuance** | APPLE, INC | 📄 | 1 |
| 09/28/2023 | **Per AOSC20-23 Amd12, Case is determined General** | | | |
| 09/28/2023 | **Civil Cover Sheet** | Amount: $50,001.00 | 📄 | 3 |
| 09/28/2023 | **Complaint (eFiled)** | Party: *Attorney* Costa, Jorge Luis *Plaintiff* HAYES, KRYSTLE | 📄 | 5 |

## ▬ Hearing(s)

Total: 0

**There is no Disposition information available for this case.**

## ▬ Related Case(s)

Total: 0

**There is no related case information available for this case.**

*Exhibit B*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

|  |  |  |
|---|---|---|
| **KRYSTLE HAYES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.** |
| | ) | |
| **APPLE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DECLARATION OF CATHERINE SPEVAK IN SUPPORT OF**
**DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL**

I, Catherine Spevak, declare and state as follows:

1.      My name is Catherine Spevak.  I am over eighteen years of age and I am competent to testify as to the matters set forth in this Declaration, which are true and accurate based upon my own personal knowledge or information obtained from corporate records maintained by Apple in the ordinary course of business, and/or my discussions with Apple employees.

2.      I submit this declaration in support of Defendant Apple, Inc.'s ("Defendant") Notice of and Petition for Removal in the above-captioned case.

3.      I am currently employed by Defendant in the position of Finance Manager.  I have access to and knowledge of Defendant's state of incorporation and principal place of business as well as Plaintiff's employment and compensation records.

4.      Defendant is incorporated under the laws of California and maintains its principal place of business is California.

5.      Plaintiff was employed in different roles by Defendant from October 7, 2011, until her termination on June 7, 2022.

6.      Throughout her employment with Defendant, Plaintiff provided Defendant with Florida addresses as her residences.

a.      Plaintiff began her employment with Defendant on or about October 7, 2011, as a Specialist and provided Defendant with a Coral Springs, Florida address as her residence. A true and accurate copy of Plaintiff's Personal Information Notice is attached as Exhibit 1.

b.      On August 1, 2015, Plaintiff accepted an At-Home Advisor position with Defendant.  As a condition for this position, Plaintiff agreed to work from her home office location and provided a Coconut Creek, Florida address as her home office location.  The agreement stated, "I understand that my work location must be the home I live in and cannot be an office space leased or rented from a third party."  A true and accurate copy

2

of Plaintiff's executed Apple at Home Advisor Agreement is attached as Exhibit 2.

      c.    At the time of her termination on June 7, 2022, Defendant maintained a Margate, Florida address on file for Plaintiff.

    7.    Defendant is not aware of any non-Florida addresses as her residences.

    8.    At the time of Plaintiff's termination, Plaintiff's hourly rate of pay was $25.24 per hour, which equated to a $4,374.33 per month or $52,492 annually.

    I declare pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the foregoing is true and correct based upon my personal knowledge.

    Executed this 20th day of December 2023.

_____
Catherine Spevak

4865-7746-9334, v. 1

3

# *Exhibit 1*



# Personal Information Notice

__10/07/2011__
Date of hire

__193899__
Employee number

**Name**

| | | |
|---|---|---|
| **Hayes** | **D.** | **Krystle** |
| Last name | Middle initial | First name |
| **Krystle** | | |
| Preferred first name (to appear in directory) | | |

**Mailing address**

| | | |
|---|---|---|
| **5101 NW 57th Dr** | | |
| Street address | | |
| **Coral Springs** | **FL** | **33067** |
| City | State | Zip code |
| | | |
| Home phone | | |

**Residence address (if different from mailing address)**

| | | |
|---|---|---|
| **5101 NW 57th Dr** | | |
| Street address | | |
| **Coral Springs** | **FL** | **33067** |
| City | State | Zip code |
| | | |
| Home phone | | |

**Emergency contact**

| | |
|---|---|
| **Diane Rivera** | **Mother** |
| Contact name | Relationship |
| **954-340-2788** | |
| Home phone | Email |
| | **954-655-6844** |
| Work phone | Cell phone |

**Qualification/education**

| | | | |
|---|---|---|---|
| **Certificate** | **Electrolysis** | **FL College Of Natural** | **12/2010** |
| Type of degree | Speciality/major | School/institute | Date degree awarded (month/year) |
| **High School** | | **Coral Springs High School** | **05/2002** |
| Type of degree | Speciality/major | School/institute | Date degree awarded (month/year) |
| | | | |
| Type of degree | Speciality/major | School/institute | Date degree awarded (month/year) |

Revised December 2009

*Exhibit 2*



# Apple At Home Advisor Agreement

As an Apple employee, I agree to follow Apple guidelines, policies, and procedures, including, but not limited to:

| | | |
|---|---|---|
| **Business Conduct** | **Mail / Electronic Communication** | **Confidential Information** |
| **Environmental Health & Safety** | **Meal and Rest Periods** | **Reporting Time Worked** |

Terms and Conditions

1. **Home Office Location:** I will work as an Apple At Home Advisor from the following location. I understand that my work location must be the home I live in and cannot be an office space leased or rented from a third party. **I also understand that any change in my work location must be pre-approved by my manager and Human Resources Manager by completing a Move Request Form.**

   Name (please print): **Krystle Hayes**

   Street Address: **3543 Wiles Rd, Apt 206**

   City, State, Zip: **Coconut Creek, FL 33073**

   Home Phone:

   Cell Phone: **954-254-8786**

   Alternate Contact Number:

2. **Home Office Requirements:** I understand that I must provide the following:

   - A private workspace that is free of noises and distractions.

   - A chair that has a 5-star base and adjustable back.

   - A desk that can hold a minimum of 100 pounds and that provides adequate working space.

   - Hardwired internet connection meeting the minimum system requirements of 5 megabits per second download speed and up-load speed of 1 megabit. *Performing my job using a wireless connection is not allowed under any circumstances.*

3. **Training Requirements:** I understand that I will be required to take an exam during my New Advisor Training (NAT) and will be required to pass with an acceptable score. If I fail the exam I will be allowed to retake the exam if my failing score is within a pre-determined threshold.

   Further, I understand that if I fail the exam requirements my employment with Apple will be terminated.

4. **Schedule:** I agree that Apple will set my work schedule and may change it at any time in its sole discretion. I agree to be accessible at the phone numbers listed above during the hours of my scheduled shift. I understand that my daily schedule will be planned in Empower and I understand that my schedule is subject to change or may end on short notice, by my manager, based on business needs. I understand that I must follow Apple policies and procedures for meal and rest periods, sick days, vacation, and other absences.

5. **Work Expectations:** I understand that I am expected to perform my work duties from my home office location, but on occasion I may be required to report to an Apple-designated location for training or other business related purpose. I also understand that my work duties may change at any time based on business needs. Current work duties include, but are not limited to:

   - The primary responsibility of the Apple At Home Advisor is to answer inbound customer inquiries and to troubleshoot issues for resolution while ensuring the customer receives a world-class experience. Advisors are expected to utilize excellent decision-making, judgment and communication skills to respond to calls and/or chats from customers.

6. **Equipment & Supplies:** To facilitate my working as an Apple At Home Advisor, Apple has agreed to provide the following:

   - Equipment necessary to perform your job (computer, mouse, keyboard, headset)

   - Supplies: General office supplies as needed

   The equipment provided will remain the property of Apple and will be returned to Apple upon request. I agree to maintain the equipment in good working order and follow applicable Apple procedures if maintenance and repairs are required. In the event of

an equipment or system malfunction, I will immediately notify my manager who will decide whether replacement equipment or an alternative system should be used.

**I understand that use of the equipment and related systems is restricted to me, and that no other member of my household or guests are permitted to use the equipment.**

Use of the equipment and related systems, as well as the data stored or accessible by means of the equipment and systems, will remain subject to Apple policies, including, but not limited to, the "Employee Use of Electronic Systems and Communications" and "Information Security" policies.

7.  **Monitoring and Data Access:** I understand that Apple reserves the right to monitor all of my communications and data, including calls, e-mails, chat conversations, shared files and computer desktops I create, access, view or store while working as an Apple At Home Advisor (including but not limited to communications over iChat, iMessage, iCloud or other personal accounts). I also agree that at any time Apple, without prior notice, may inspect all data, regardless of content, I access, store, or create using Apple-provided equipment. Accordingly, I understand that I do not have an expectation of privacy with regard to any accounts or devices used to create, access, view or store Apple information and/or to conduct business for Apple. I further understand that I do not have an expectation of privacy in any information created, sent or stored using Apple-provided equipment and/or Apple's communication systems.

8.  **Expenses:** Reimbursable expenses may include, but are not limited to:

    · Basic office supplies as required for the position.

    · AHA Reimbursement of $23.08 per pay period to assist with internet (subject to a copy of receipt).

    · Equipment approved for reimbursement by Apple.

    · Travel expense for required business related trips.

    I understand that I must obtain approval from my manager to be reimbursed for other business expenses that might arise before incurring the expense. Reimbursement for equipment services and office supplies will be in accordance with Apple's Finance Policy.

9.  **Risk Management:** I understand that claims associated with the theft, loss or damage of Apple-owned equipment in my home is not covered by Apple's insurance program and that replacement and repair expenses related to these areas will be applied to my department's budget. I also understand that claims and costs associated with the theft, loss or damage to my personal equipment or property is my sole responsibility.

10. **Work Space/Safety:** I agree to designate a workspace that is conducive to the performance of my work and will maintain this space in a condition that is safe and free from hazards and other dangers. Apple assumes no responsibility for injuries I incur in my workspace during non-working hours or for injury to non-business related guests at any time.

11. **Policies:** I understand that I am responsible for understanding and complying with all Apple policies and procedures, including but not limited to, those set forth in Apple's Business Conduct Policy. I understand that information regarding Apple's policies can be obtained from my manager and from the Apple internal website.

12. **Returning Apple Equipment:** I agree to return any Apple owned equipment and/or property if and when this Apple At Home Advisor Agreement is discontinued or my employment with Apple is terminated.

13. **Terms of Employment:** I understand that this Agreement does not constitute a contract of employment, either expressed or implied. My employment relationship with Apple is at-will which means that either Apple or I can terminate the employment relationship at any time, for any reason, with or without notice.

14. **Start-up Procedures:** I agree to use the autostart/shutdown feature in Mac OS X on my work computer and understand that use of this feature is mandatory.

15. **Reporting Time Worked:** I understand that I am responsible for accurately recording all time worked and must not perform any work for Apple "off-the-clock" (unpaid). In addition to the time spent taking calls, e-mail, or chat, "time worked" also includes the time spent preparing to take calls such as logging-on to the computer, reading Apple email, and other work related activities. It also includes logging-off the computer.

16. **App Development and/or Inventions:** I understand that as an Apple employee I am not permitted to have any involvement in the development of outside iPhone or iPad apps, either alone or jointly with others. I further understand that my rights with regard to inventions are addressed by Apple's Intellectual Property Agreement.

I understand and agree to the conditions outlined above regarding my participation as an Apple At Home Advisor.

Employee Signature: _~Kylee Hays~_____     Date: __**8/1/2015**_____

*Exhibit C*

# Voter Information Lookup

Please find your voter registration information below.

Full Name:
**KRYSTLE DIANE HAYES**

Street Address:
**3415 PINEWALK DR N APT 101**

City:
**MARGATE**

Zip Code:
**33063**

County Name:
**BROWARD**

Voter Identification Number:
**116983061**

Date Of Registration:
**10/8/2008**

Party:
**No Party Affiliation**

Voter Status:
**Active\***

\* An active voter means the person is registered to vote. The deadline to register to be eligible to vote in an upcoming election is 29 days before that election.

Access Ballot and Precinct Information available through your county Supervisor of Elections' (https://dos.myflorida.com/elections/for-voters/check-your-voter-status-and-polling-place/voter-precinct-lookup/) website.

New Search (/en/CheckVoterStatus)

Please email BVRSHelp@dos.myflorida.com (mailto:BVRSHelp@dos.myflorida.com) for website assistance.



**Ron DeSantis, Governor**
**Cord Byrd, Secretary of**
**State**



# Florida Department
# of State

Privacy Policy (http://dos.myflorida.com/privacy-policy/)
| Accessibility (http://dos.myflorida.com/accessibility/)
| Site Map (http://dos.myflorida.com/site-map/)
| Communications
  (http://dos.myflorida.com/communications/)
| Connect
  (http://dos.myflorida.com/communications/connect/)

## Questions or comments? Contact Us
## (mailto:BVRSHelp@dos.myflorida.com)

Under Florida law, e-mail addresses are public records. If you
do not want your e-mail address released in response to a
public records request, do not send electronic mail to this entity.
Instead, contact this office by phone or in writing.

Copyright (http://dos.myflorida.com/copyright/) © 2019 State of
Florida, Florida Department of State.

R.A. Gray Building
500 South Bronough Street
Tallahassee, Florida 32399-0250

**Voter Assistance Hotline:**
1.866.308.6739
**Hours:** Monday - Friday 8:00 AM - 5:00
PM (Eastern Time)
If hearing or speech impaired, please
contact the Division using the **Florida**
**Relay Service**
(https://www.ftri.org/relay),
1.800.955.8771 (TTY) or
1.800.955.8770 (Voice) or 1-800-955-
1339 (ASCII), or
1.877.955.8773 (español a español ).

# *Exhibit D*

EEOC MIAMI DISTRICT OFFICE

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | X FEPA (MDCCHR)  X EEOC and FCHR | 510-2022-06806 |

EEOC – U.S. Equal Employment Opportunity Commission;
FCHR – Florida Commission on Human Relations; and
MDCCHR – Miami-Dade County Commission on Human Rights
*State or local Agency, if any*

| Name (*indicate Mr. Ms. Mrs.*)  Ms. Krystle Hayes (kdhayes12@gmail,com) | Home Phone (Incl. Area Code)  (954) 254-8786 | Date of Birth  ███1984 |
|---|---|---|

| Street Address  3415 Pinewalk Dr N Apt. 101 | City, State and ZIP Code  Margate, FL 33063 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name  Apple Inc.  khalasi@apple.com | No. Employees,  150,000 | Phone No. (Include Area Code)  (916) 335-8933 |
|---|---|---|

| Street Address  One Apple Park Way | City, State and ZIP Code  Cupertino, CA 95014 | |

| DISCRIMINATION BASED ON (*Check appropriate box(es).*)  _ RACE _ COLOR _ SEX _ RELIGION _NATIONAL ORIGIN  _RETALIATION _ AGE x DISABILITY x OTHER (Failure to Accommodate) | DATE(S) DISCRIMINATION TOOK PLACE  Earliest: 02/04/2021   Latest: 06/07/2022  CONTINUING ACTION__ |
|---|---|

THE PARTICULARS ARE (*If additional paper is needed, attached extra sheet(s.*)

I was discriminated and retaliated against by my employer Apple Inc., based on my disability. I was employed by the company on or about October 7, 2011 as a Tech Support Agent. The discrimination I was subject to includes, but is not limited to, the following:

On or about February 4, 2021, I went on mental health leave. I went through Apple's Employee Assistance Program to get set up with a list of local therapists. I found a therapist and began to see her that same month. After speaking with the therapist, they recommended I undergo a psychiatric evaluation with a psychiatrist because the therapist thought I could benefit from antidepressants. On or about March 2021, I received the psychiatric evaluation and was prescribed Lexapro. I worked with both of my mental health providers to be able to return to work on or about June 5, 2021; however, on or about May 30, 2021 I broke my left ankle. It was a catastrophic injury that required surgery. On or about June 1, 2021, I had surgery on my left ankle and my doctor informed me that it would take a year to fully heal. I notified my employer about my status and what the doctor informed me about regarding my recovery. I had not been paid by Apple Inc. since on or about August 6, 2021. I had to use credit cards and sell stocks to pay bills and rent. In my job, I need to be sitting at a computer in a timed setting, which can be very difficult when my ankle begins to swell (which happened regularly) because I cannot give my ankle the proper elevation it needs while sitting at a desk, as ordered by my physician. Apple told me that I could perform my job despite me not being physically capable of doing so. I reached out to HR and Mukund Khalasi (my manager) to let them know what I was going through and I provided medical documentation from my doctors regarding my broken ankle and the need for me to keep my ankle elevated. Instead of helping me, on or about June 7, 2022, I received a letter through FedEx from Apple Inc. saying that I was being terminated from my position due to alleged job abandonment. My medical benefits were terminated on or about June 7 2022 as well. As such, I cannot see the surgeon that I had been working with for my ankle anymore and I cannot afford my prescription medications or help from mental health professionals. Since the surgery, I had also been going to physical therapy for my ankle and I have not been back since October due to my lack of coverage which my doctor warned me could have detrimental consequences for my ankle.

Throughout my employment I was able to perform the essential functions of my job duties and responsibilities, and at all relevant times I did perform my job at satisfactory or above-satisfactory levels. Any reason proffered by my employer for the adverse employment actions is mere pretext for unlawful discrimination. I feel that I have been discriminated against in violation of (The Americans with Disabilities Act (ADA), the Florida Civil Rights Act of 1992 (FCRA)), and state and local laws.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|

Case 0:23-cv-61028-XXXX Document 1 Entered on FLSD Docket 02/26/2024 Page 69 of 127

| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
|---|---|
| 7/20/2022 _____<br>*Date*    *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

EEOC Form 5 (5/01)

\*\*\*\* FILED: BROWARD COUNTY, FL Brenda D. Forman, CLERK 1/2/2024 4:30:00 PM.\*\*\*\*
Case 0:24-cv-60639-XXXX   Document 1-2   Entered on FLSD Docket 04/19/2024   Page 70 of
Case 0:23-cv-62399-WPD   Document 4   Entered on FLSD Docket 12/27/2023   Page 1 of 6

Cace 23 - 18974

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KRYSTLE HAYES,

    Plaintiff,

vs.

APPLE, INC.,

    Defendant.

_____/

CASE NO. 23-62399-CIV-DIMITROULEAS

Certified to be a true and
correct copy of the document on file
Angela E. Noble, Clerk,
U.S. District Court
Southern District of Florida
By
Deputy Clerk
-21-207 3

## ORDER REMANDING CASE TO STATE COURT

THIS CAUSE is before the Court *sua sponte*. On December 26, 2023, this action was removed to this Court. *See* [DE 1]. The Court has considered the Notice of Removal, the state court complaint, the exhibits filed in the record, and is otherwise fully advised in the premises. Upon careful consideration, the Court determines that Defendant has failed to meet its burden regarding the amount in controversy requirement for purposes of removal of this action to federal court. Accordingly, the Court will remand this case to state court.

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). District courts have an obligation to inquire into subject matter jurisdiction whenever the possibility that jurisdiction does not exist arises, *Cheffer v. Reno*, 55 F.3d 1517, 1523 (11th Cir. 1995), and must dismiss an action where it appears that the court lacks jurisdiction. Fed. R. Civ. P. 12(h)(3). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

**** FILED: BROWARD COUNTY, FL Brenda D. Forman, CLERK 1/2/2024 4:30:00 PM.****
Case 0:24-cv-60639-XXXX   Document 1-2   Entered on FLSD Docket 04/19/2024   Page 71 of
Case 0:23-cv-62399-WPD   Document 4   Entered on FLSD Docket 12/27/2023   Page 2 of 6

Under §1332(a), federal district courts have original jurisdiction over civil actions

between citizens of different states and where the amount in controversy "exceeds the sum or

value of $75,000, exclusive of interest and costs." 28 U.S.C. §1332(a). "Where a plaintiff fails

to specify the total amount of damages demanded . . . a defendant seeking removal based on

diversity jurisdiction must prove by a preponderance of the evidence that the amount in

controversy exceeds the $75,000 jurisdictional requirement." *Leonard v. Enter. Rent a Car*, 279

F.3d 967, 972 (11th Cir. 2002). Uncertainties are resolved in favor of remand. *Petigny v. Wal-*

*Mart Stores E., L.P.*, No. 18-23762-CIV, 2018 WL 5983506, at *1 (S.D. Fla. Nov. 14, 2018).

(*citing Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)).

Plaintiff's Complaint asserts claims against Defendant, her former employer, for

disability discrimination in violation of the Florida Civil Rights Act, Fla. Stat. § 760, *et seq.*

("FCRA"). *See* Complaint [DE 1-2]. The Complaint merely alleges that the damages in this

action exceed $50,000.00. *See id.* at ¶ 1. The Complaint contains a paragraph generally alleging

damages, *see id.* at ¶ 23 ("Plaintiff has suffered and will continue to suffer both irreparable

injury and compensable damages as a result of Defendant's discriminatory practices unless and

until this Honorable Court grants relief."), and a wherefore clause alleging a boilerplate list of

damages available under the FCRA, *see id.* at p. 8. It is not "facially apparent" from the

complaint that the amount in controversy exceeds $75,000.00; accordingly, the Court turns to the

Notice of Removal. *See Williams v. Best Buy Co.*,269 F.3d 1316, 1319 (11th Cir. 2001) ("If the

jurisdictional amount is not facially apparent from the complaint, the court should look to the

notice of removal and may require evidence relevant to the amount in controversy at the time the

case was removed.").

**** FILED: BROWARD COUNTY, FL Brenda D. Forman, CLERK 1/2/2024 4:30:00 PM.****
Case 0:24-cv-60639-XXXX  Document 1-2  Entered on FLSD Docket 04/19/2024  Page 72 of
  Case 0:23-cv-62399-WPD  Document 4  Entered on FLSD Docket 12/27/2023  Page 3 of 6

Here, Defendant's proposed calculation of the amount in controversy relies upon non-economic compensatory damage awards from comparable cases, and an attached affidavit stating that Plaintiff earned $25.24 per hour (or approximately $4,374.33 per month or $52,492 annually) at the conclusion of her employment with Defendant. *See* [DE 1-3]. Defendant posits a back pay calculation of $131,229.90 ($4,374.33 x 30 months) from Plaintiff's June 7, 2022 termination through a December 2024 trial date, and a front-pay award of $52,492, representing one year of Plaintiff's hourly salary. Defense counsel also states that Plaintiff's reasonable attorneys' fees will be approximately $50,000 for 200 hours of work litigating this matter through trial at $250 per hour. For the reasons explained below, Defendant's calculation is insufficient to meet Defendant's burden to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

First, with regard to back pay, upon a review of the split amongst the district courts in Florida regarding whether to calculate back pay through "the date of trial" rather than the date of removal, *see Burrows v. State Farm Mut. Auto. Ins. Co.*, No. 8:17-CV-212-T-27AEP, 2017 WL 3316131, at *2 (M.D. Fla. Aug. 3, 2017) (citing cases), this Court finds the more reasoned approach is to calculate back pay through the date of removal. *See, e.g.*, *Avery v. Wawa, Inc.*, No. 8:18-CV-403-T-33TGW, 2018 WL 1008443, at *3 (M.D. Fla. Feb. 22, 2018) ("But, this Court has repeatedly held that "'the amount in controversy is determined at the time of removal and thus does not include post removal back pay.'") (citations omitted). According to the factual allegations of the Complaint, Plaintiff was an employee of Defendant until her termination on June 7, 2022. *See* [DE 1-2] at ¶ 13. The case was removed on December 26, 2023. *See* [DE 1]. Therefore, the amount of back pay at the time of removal is approximately $80,925.11.[1]

---

[1] ($4,374.33 x 18 months) + (4,374.33 x 1/2 month)

**** FILED: BROWARD COUNTY, FL Brenda D. Forman, CLERK 1/2/2024 4:30:00 PM.****
Case 0:24-cv-60639-XXXX   Document 1-2   Entered on FLSD Docket 04/19/2024   Page 73 of
Case 0:23-cv-62399-WPD   Document 4   Entered on FLSD Docket 12/27/2023   Page 4 of 6

However, crucially, this number may be significantly reduced or non-existent at all based upon

the facts regarding Plaintiff's employment since the termination. Back pay calculations require a

deduction of any amounts Plaintiff earned since a wrongful discharge. *See Caterpillar Logistics*

*Servs., Inc. v. Amaya*, 201 So. 3d 173, 176 (Fla. 3rd DCA 2016). Here, Defendant has not

introduced any evidence regarding whether Plaintiff has been employed since the June 7, 2022

conclusion of her employment with Defendant, and, if so, at what salary or hourly rate, which

would be material to the Court to determine whether back pay can even properly be considered

in this case in determining the amount in controversy. *See Lupinacci v. American Express Co.*,

17-cv-622387-UU (Nov. 30, 2017) (*sua sponte* remanding FCRA case where "the only record

evidence cited by Defendant is Plaintiff's $50,348 per year salary" at the time of termination of

employment, which was over three years prior to the removal date, despite defendant's argument

that plaintiff could claim over three years of back pay).

Regarding front pay, "[s]peculation regarding front pay cannot be used to supplement

insufficient back pay for the purpose of meeting the jurisdictional requirement." *Avery*, 2018 WL

1008443, at *3. Moreover, again, as with the back pay analysis, the Court has no facts before it

in the record supporting whether front pay is even appropriate here, as "[t]he same mitigation of

damages analysis applies to back pay and front pay awards." *Richardson v. Tricom Pictures &*

*Prods., Inc.*, 334 F. Supp. 2d 1303, 1318 (S.D. Fla. 2004), *aff'd*, 183 F. App'x 872 (11th Cir.

2006).

Next, without specific allegations or facts to consider regarding Plaintiff's claim of non-

economic damages, the court may not speculate as to the amount in controversy. *See, e.g., Love*

*v. N. Tool & Equip. Co.*, No. 08-20453-CIV, 2008 WL 2955124, at *5 (S.D. Fla. Aug. 1, 2008)

("Although [plaintiff] may recover some damages for emotional distress, there is no evidence

\*\*\*\* FILED: BROWARD COUNTY, FL Brenda D. Forman, CLERK 1/2/2024 4:30:00 PM.\*\*\*\*
Case 0:24-cv-60639-XXXX   Document 1-2   Entered on FLSD Docket 04/19/2024   Page 74 of
Case 0:23-cv-62399-WPD   Document 4   Entered on FLSD Docket 12/27/2023   Page 5 of 6

before me to determine that amount. Under these circumstances, I cannot divine some dollar amount as emotional distress damages to aggregate to [plaintiff]'s back pay damages so that [defendant] can meet the jurisdictional threshold for federal diversity jurisdiction.").

Finally, with regard to attorneys' fees, the Court assumes that the short complaint filed in state court prior to removal did not take more than a few hours to draft, file, and serve. *See* [DE 1-2]. The Court finds that the FCRA's prevailing party attorney's fees and cost provision insufficient to bolster a claim that otherwise lies short of the jurisdictional threshold for removal to federal court. *See, e.g., Avery*, 2018 WL 1008443, at \*4 (*sua sponte* remanding FCRA claims where "[defendant] has not provided any information regarding the amount of attorney's fees accrued at the time of removal, and there is no basis to find that such fees reach an amount that could satisfy the jurisdictional minimum, even when considered in conjunction with [plaintiff]'s claims for back pay.).

Based upon the foregoing, the Court concludes that Defendant has failed to meet its burden to establish the jurisdictional amount in controversy of $75,000.00. The record evidence that Plaintiff's salary was approximately $52,492 per year at the conclusion of her employment with Defendant, supplemented by argument and speculation, is simply insufficient to establish an amount in controversy exceeding $75,000. *See Lupinacci v. American Express Co.*, 17-cv-622387-UU (Nov. 30, 2017). When the Court's jurisdiction over a case is doubtful, doubts are resolved in favor of remand. *Diaz v. Shepard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

Accordingly, it is **ORDERED AND ADJUDGED** that the Clerk is directed to **REMAND** this case to state court, **CLOSE** this case, and **DENY** all pending motions as moot.

**** FILED: BROWARD COUNTY, FL Brenda D. Forman, CLERK 1/2/2024 4:30:00 PM.****
Case 0:24-cv-60639-XXXX   Document 1-2   Entered on FLSD Docket 04/19/2024   Page 75 of
Case 0:23-cv-62399-WPD   Document 4   Entered on FLSD Docket 12/27/2023   Page 6 of 6

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida,

this 27th day of December 2023.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

KRYSTLE HAYES,       )
                  )
      Plaintiff,     )
vs.                )     **CASE NO: CACE-23-018974**
                  )
APPLE INC.,       )
                  )
      Defendant.   )

## ANSWER AND DEFENSES TO COMPLAINT

DEFENDANT, APPLE INC. ("Defendant"), through its undersigned counsel, answers the correspondingly numbered paragraphs of the Complaint filed by Plaintiff, KRYSTLE HAYES ("Plaintiff"), and assert defenses as follows:

## GENERAL ALLEGATIONS[1]

1.    Defendant admits that this purports to be an action for damages that exceed fifty thousand ($50,000) excluding attorneys' fees or costs under Florida Civil Rights Act of 1992 ("FCRA"), § 760.01, et seq., Florida Statutes, discrimination based on disability, and retaliatory discharge of an employee in violation of FCRA.  Defendant denies all liability and denies that Plaintiff is entitled to any of the relief requested.

2.    Defendant states that the Complaint fails to define the term "[a]t all times material hereto" and, therefore Defendant lacks sufficient information and knowledge to admit or deny the allegation in Paragraph 2 of the Complaint.  Defendant admits that Plaintiff provided an address reflecting a Broward County, Florida address during her employment with Defendant.

3.    Defendant admits the allegations contained in Paragraph 3 of the Complaint.

---

[1] Defendant uses the headers contained in Plaintiff's Complaint for continuity purposes only.

4.       Defendant admits that venue is proper in Broward County, Florida for jurisdictional purposes only.  Defendant denies that it engaged in any unlawful activity and denies the remaining allegations and inferences contained in Paragraph 4 of the Complaint.

5.       Defendant denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 5 of the Complaint and therefore Defendant denies the allegations in Paragraph 5 of the Complaint.

6.       Defendant admits that it was an employer and Plaintiff was an employee under the FCRA during her employment with Defendant.  Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

7.       Defendant admits this Court has jurisdiction over this action for jurisdictional purposes only.  Defendant denies the remaining allegations and inferences contained in Paragraph 7 of the Complaint.

8.       The allegations contained in Paragraph 8 of the Complaint call for a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations and inferences contained in Paragraph 8 of the Complaint.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

9.       Defendant admits that Plaintiff began her employment with Defendant on or about October 7, 2011.  Defendant denies the remaining allegations and inferences contained in Paragraph 9 of the Complaint.

10.       Defendant denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 10 of the Complaint and therefore denies the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 11 of the Complaint regarding Plaintiff's medical history and therefore denies the allegations contained in Paragraph 11 of the Complaint. Defendant states that the remaining allegations in Paragraph 11 of the Complaint call for a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the remaining allegations and inferences contained in Paragraph 11 of the Complaint.

12.     Defendant denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 12 of the Complaint and therefore denies the allegations.

13.     Defendant admits it terminated Plaintiff's employment on or about June 7, 2022. Defendant lacks knowledge or information sufficient to form a belief about the truthfulness of the allegations regarding Plaintiff's medical treatment.   Defendant denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.     Defendant denies the allegations and inferences contained in Paragraph 14 of the Complaint.

## <u>COUNT I</u>
### *Disability Discrimination in Violation of the FCRA*

15.     Defendant re-alleges and incorporates by reference its responses to Paragraphs 1 through 14 of the Complaint as if fully set forth herein.

16.     Defendant denies the allegations and inferences contained in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations and inferences contained in Paragraph 17 of the Complaint.

3

18.     Defendant denies the allegations and inferences contained in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations and inferences contained in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations and inferences contained in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations and inferences contained in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations and inferences contained in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations and inferences contained in Paragraph 23 of the Complaint.

Defendant denies that Plaintiff is not entitled to any of the relief requested in the WHEREFORE clause following Paragraph 23 of the Complaint, including all subparagraphs.

24.     Defendant admits that Plaintiff has requested a trial by jury.  Defendant denies that there are any genuine issues of material fact that should be submitted to a jury.

## GENERAL DENIAL

To the extent not expressly admitted herein, Defendant denies the allegations set forth in the Complaint.

## DEFENSES

As separate and distinct defenses to the Complaint, and without shifting the applicable burden of production and/or persuasion, Defendant alleges the following:

4

### FIRST DEFENSE

Plaintiff's Complaint fails to state claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claim is barred, in whole or in part, by the doctrines of waiver, unclean hands, and/or estoppel.

### THIRD DEFENSE

Plaintiff's claim is barred to the extent there was no casual connection between the events alleged in her Complaint and any damages which she allegedly suffered.

### FOURTH DEFENSE

Plaintiff's damages, if any, should be reduced to the extent of any collateral source payments or recoveries attributable to Plaintiff's alleged damages.

### FIFTH DEFENSE

Plaintiff's claims for damages in the form of backpay and benefits are barred by Plaintiff's failure to diligently seek other employment or to otherwise mitigate her damages.

### SIXTH DEFENSE

Defendant's conduct and actions were at all times undertaken in good faith, and without malice or ill-will toward the Plaintiff.

### SEVENTH DEFENSE

Plaintiff's claim is barred as there is no casual connection between any adverse employment action and Plaintiff's alleged protected activity.

### EIGHTH DEFENSE

All actions taken with respect to Plaintiff's employment were based on legitimate and non-discriminatory, non-retaliatory reasons unrelated to her alleged disability or any protected

activity.  Any personnel action taken by Defendant with respect to Plaintiff's employment was predicated on grounds other than Plaintiff's alleged disability and/or exercise of any protected rights under the FCRA, or any other state or federal statute, and any adverse personnel action would have occurred regardless of Plaintiff's alleged disability and/or alleged exercise of protected rights.

## NINTH DEFENSE

Plaintiff's claim is barred to the extent it relies on events or actions outside of the applicable statute of limitation.

## TENTH DEFENSE

Plaintiff did not have a disability within the meaning of the FCRA, nor was Plaintiff perceived by Defendant as having a disability, and therefore is unable to establish a violation of the FCRA or any right to relief under the FCRA.

## ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff failed to exhaust her administrative remedies and/or failed to satisfy the conditions precedent to suit.

## TWELFTH DEFENSE

Defendant at all times acted in good faith and without any malice or intent to cause any harm to Plaintiff.  Defendant has reasonable grounds for believing that any acts or omissions were not in violation of the FCRA, or any other law, or any rights of Plaintiff.  Defendant has implemented good faith efforts to prevent discrimination and retaliation in the workplace, including implementing policies regarding the same, and thus there can be no liability for the decisions of any agents of Defendant, to the extent that the alleged conduct was contrary to

Defendant's efforts to comply with anti-discrimination/anti-retaliation laws.  Therefore, punitive are not warranted.

## THIRTEENTH DEFENSE

Plaintiff's own conduct caused all or part of her alleged damages.

## FOURTEENTH DEFENSE

Upon information and belief, all or part of Plaintiff's alleged emotional distress was the result of other personal experience unrelated to the facts and circumstances set forth in the Complaint.

## FIFTEENTH DEFENSE

Plaintiff's discrimination claim must fail because Plaintiff has not and cannot identify a similarly-situated employee who was treated more favorably.

## SIXTEENTH DEFENSE

Defendant asserts that Plaintiff was, at all material times, an at-will employee of Defendant and, therefore, Plaintiff was subject to discharge at any time, with or without cause, so long as the discharge was not an unlawful reason.

## SEVENTEENTH DEFENSE

Plaintiff was not a qualified employee.

## EIGHTEENTH DEFENSE

Defendant is entitled to recover its costs of court and attorneys' fees for the defense of Plaintiff's action because this action is frivolous and without foundation in law or in fact.

## NINETEENTH DEFENSE

Assuming, *arguendo*, Defendant had any an improper motive toward Plaintiff, Defendant would have made the same decisions with regard to Plaintiff's employment, even in absence of such a motive.

## RESERVATION OF RIGHTS

Defendant reserves the right to bring any additional affirmative defenses that become known during the litigation of this matter.

WHEREFORE, Defendant, APPLE INC., respectfully prays that this Court will: (i) enter judgment in its favor and against Plaintiff, (ii) award Defendant its costs of suit herein, (iii) award Defendant reasonable attorneys' fees as may be determined by the Court, and (iv) grant such other and further relief as this Court may deem just and proper.

DATED this 3rd day of January, 2024.

Respectfully submitted,

JACKSON LEWIS P.C.
390 N. Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone:  (407) 246-8440
Facsimile:  (407) 246-8441


By:    */s/ Stephanie Adler-Paindiris*
Stephanie Adler-Paindiris
Florida Bar No. 523283
stephanie.adler-paindiris@jacksonlewis.com

Vaughn G.S. Glinton, Jr.
Florida Bar No. 1002778
vaughn.glinton@jacksonlewis.com

Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

   I HEREBY CERTIFY that on this 3rd day of January, 2024, the foregoing was electronically filed with the Clerk of the Court by using the Florida Courts E-filing Portal which will send a notice of electronic filing to: Anthony M. Georges-Pierre, Esquire, Jorge L. Costa, Esquire, Remer, Georges-Pierre, & Hoogerwoerd, PLLC, 2745 Ponce De Leon Blvd., Coral Gables, FL 33134, agp@rgph.law, jcosta@rgph.law.

        <u>*/s/ Stephanie Adler-Paindiris*</u>
        Stephanie Adler-Paindiris

4891-1625-2569, v. 1

9

Filing # 189658562 E-Filed 01/12/2024 11:53:06 AM

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

|  |  |
|---|---|
| _____ ) | |
| **KRYSTLE HAYES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **vs.** ) | **CASE NO: CACE-23-018974** |
| ) | |
| **APPLE INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**DEFENDANT'S NOTICE OF SERVICE**

Defendant, APPLE INC., through its undersigned counsel, hereby gives notice,

pursuant to Rule 1.340 of the Florida Rules of Civil Procedure, of the service of Defendant's

First Set of Interrogatories, Defendant's First Request for Production of Documents, and

Defendant's First Request for Admissions upon Plaintiff, KRYSTLE HAYES.

Dated this 12th day of January, 2024.

Respectfully submitted,

JACKSON LEWIS P.C.
390 N. Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 246-8440
Facsimile: (407) 246-8441

By:    _/s/ Vaughn G.S. Glinton, Jr._____
Stephanie Adler-Paindiris
Florida Bar No. 523283
stephanie.adler-paindiris@jacksonlewis.com

Vaughn G.S. Glinton, Jr.
Florida Bar No. 1002778
vaughn.glinton@jacksonlewis.com

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of January, 2024, the foregoing was electronically filed with the Clerk of the Court by using the Florida Courts E-filing Portal which will send a notice of electronic filing to: Anthony M. Georges-Pierre, Esquire, Jorge L. Costa, Esquire, Remer, Georges-Pierre, & Hoogerwoerd, PLLC, 2745 Ponce De Leon Blvd., Coral Gables, FL 33134, agp@rgph.law, jcosta@rgph.law.

/s/ Vaughn G.S. Glinton, Jr.
Attorney

4881-3634-7035, v. 1

IN THE CIRCUIT COURT FOR THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

KRYSTLE HAYES,

      Plaintiff,

vs.                                    Case No.: CACE-23-018974

APPLE INC.,

      Defendant.

_____/

## PLAINTIFF'S DENIAL OF DEFENDANT'S  AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

The Plaintiff, Krystle Hayes, through the undersigned counsel, hereby files a Reply and denies the AFIRMATIVE DEFENSES set forth in Defendant's Answer to Plaintiff's  Complaint and demands strict proof thereof, and as grounds in support thereof would state as follows:

1. The Defendant in its Answer filed in this matter raised Affirmative Defenses.

2. The Plaintiff enters a denial to the Affirmative Defenses raised, both factually and as a matter of law.

3. It is common knowledge that the party who offers an affirmative defense bears the burden of proof.  As such, the Plaintiff demands strict proof of all affirmative defenses asserted in the case at bar.

4. The Plaintiff believes that there are facts outside the pleadings that demonstrate that the defendant is estopped from asserting the defenses put forth in its affirmative defenses to Plaintiff's complaint.

5. Defendant's affirmative defenses must be stricken because they are each conclusory and fail to allege a plausible defense as required under applicable law.

6. Some of the affirmative defenses are improper denials and fail to present any new

allegations of excuse, justification or other negating matters.  In reviewing these defenses, one can only guess as to how they apply to the facts of this case.

7.  Defendant's affirmative defenses consist of nothing more than conclusory allegations, unsupported by ultimate facts to support the defenses.  In that Florida is a fact pleading jurisdiction, Florida law requires specificity and certainty in pleadings whether they be claims or defenses.  *Continental Banking Co. v. Vincent*, 634 So.2d 242, 244 (Fla. 5th DCA 1994).  A defendant must allege each element of the defense and must state the factual basis for the same.  *L.B. McLeod const. Co. v. Cooper*, 134 So. 224, 225 (Fla. 1931). This is to reasonably inform the adversary and provide them with a fair opportunity to prepare a response. Zito v. Washington Federal Sav. & Loan Assoc. of Miami Beach, 318 So.2d 175, 176 (Fla. 3d DCA 1975).  Defendant's affirmative defenses are legally insufficient and fail as a matter of law.

8.  Defendant's asserted affirmative defenses are drafted in a manner that fail to reasonably inform the Plaintiff of the necessary ultimate facts to allow to formulate a response.  As such, these conclusory statements are insufficient.

9.  Defendant's asserted affirmative defenses are drafted in a manner that is unclear and fails to identify any legally cognizable Affirmative Defense. Further, even if Defendant alleged sufficient facts, its allegations would not constitute a valid Affirmative Defense.

Wherefore, Plaintiff respectfully requests this Honorable Court deny the Affirmative Defenses answers and grant the relief requested by Plaintiff and such other relief as this Court deems reasonable and necessary.

DATED: January 12, 2024        Respectfully submitted,

By: *Anthony M. Georges-Pierre*
    Anthony M. Georges-Pierre, Esq.
    Florida Bar No.: 0533637
    *Attorney for Plaintiff*
    **REMER, GEORGES-PIERRE**
    **& HOOGERWOERD, PLLC**
    2745 Ponce De Leon Blvd.
    Coral Gables, FL 33134
    Phone: (305) 416-5000
    E-mail: agp@rgph.law

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court by using the Florida Courts e-filing portal, which will send an automatic e-mail message to the following parties registered with the e-filing portal system this 12th day of January 2024 to:

Stephanie Adler-Paindiris, Esq.
Vaughn G.S. Glinton, Jr., Esq.
JACKSON LEWIS P.C.
390 N. Orange Aveneu, Suite 1285
Orlando, FL 32801
E-mail: Stephanie.adler-paindiris@jacksonlewis.com
Vaughn.glinton@jacksonlewis.com

    By: *Anthony M. Georges-Pierre*
       Anthony M. Georges-Pierre, Esq.
       Florida Bar No.: 0533637

IN THE CIRCUIT COURT FOR THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

KRYSTLE HAYES,

      Plaintiff,

vs.                            Case No.: CACE-23-018974

APPLE INC.,

      Defendant.

_____/

## PLAINTIFF RESPONSES AND OBJECTIONS TO DEFENDANT'S
## FIRST REQUEST FOR ADMISSIONS

Plaintiff, by and through its undersigned counsel and pursuant to Florida Rules of Civil

Procedure, hereby serves its Responses to Defendant's Request for Admissions, as follows:

## GENERAL COMMENTS AND QUALIFICATIONS

Plaintiff has endeavored to respond to Defendant's Request for Admissions on the basis

of the best information available.  Persons who are non-parties may have relevant information or

documents, but Plaintiff is not purporting to provide in these Responses, materials, if any,

presently possessed by such persons.

The Responses set forth below are made without waiving the following:

## GENERAL OBJECTIONS

Plaintiff hereby asserts the following General Objections, applicable to each of

Defendant's enumerated specific requests.

A.     Any response to these Requests by Plaintiff, in good faith resolution of any objection

        to these Requests, shall be subject to Plaintiff's right to object to admissions and the

        introduction into evidence of any and all admissions on the grounds that they, or any

        of them, are irrelevant to the issues in this action or otherwise inadmissible or

incomplete.  The responses and objections are based upon Plaintiff's specific knowledge and belief after a reasonable inquiry, and are subject to amendment if and when Plaintiff acquires additional information.

B.     Plaintiff objects to Defendant's Request for Admissions to the extent that they are vague, overly broad and unduly burdensome, and/or seek information that is not reasonably relevant to any claim or defense in this case.

C.     Plaintiff objects to Defendant's Request for Admissions to the extent that they seek the disclosure of information that is subject to the attorney-client privilege, the attorney work product privilege and/or any other applicable privilege. If any such information is disclosed, except pursuant to a specific written agreement covering such information, the disclosure shall be deemed inadvertent and is not intended to waive or prejudice any applicable privilege or immunity from disclosure.

D.     Plaintiff objects to Defendant's Request for Admissions to the extent that they seek to impose obligations on Plaintiff that are greater than or inconsistent with the Florida Rules of Civil Procedure or relevant State Law.

D.     Plaintiff reserves the right to supplement, amend, correct or clarify its responses, as necessary, or to seek leave of Court to do so.

E.     Plaintiff objects to each admission (or part of an admission) to the extent such admission would require Plaintiff to warrant the information provided is exhaustive.  Plaintiff will endeavor to provide information in good faith and consistent with its obligations under the Florida Rules of Civil Procedure and relevant State of Florida law.

F.     Plaintiff denies all allegations set forth in Defendant's Request for Admissions which are not specifically admitted to herein. No incidental or implied admissions are intended by these

responses. The fact that Plaintiff has objected or responded to any Request shall not be deemed

an admission that Plaintiff accepts or admit the existence of any facts set forth or assumed by

such Request or that such objection or response constitutes admissible evidence. The fact that

Plaintiff has responded to part or all of any Request is not intended to and shall not be construed

to be a waiver by Plaintiff of any part of any objection to any Request.

G.      Plaintiff's responses and objections are made on the basis of information and writings

currently available to and located by Plaintiff upon reasonable investigation. Plaintiff expressly

reserves the right to modify, revise, supplement or amend its response as Plaintiff deems

appropriate.

Plaintiff responds to the correspondingly numbered Requests as follows:

### PLAINTIFF'S RESPONSES TO SPECIFIC REQUEST FOR ADMISSIONS

1. Objection: this request is too broad and involves both factual issues as well as legal issues.
   The purpose of Rule 1.370 of the Florida Rules of Civil Procedure is to obtain admissions
   of facts which are in no real dispute and which the adverse party can admit cleanly, without
   qualifications. Here, defendant's request for admission called for either crucial facts central
   to the lawsuit or legal concessions.  Furthermore, Defendant's efforts to establish that the
   amount-in-controversy exceeds $75,000 in order to satisfy the jurisdictional requirements
   for removal, fails in light of the proposition that "A plaintiff's mere concession that the
   amount-in-controversy exceeds $75,000 is insufficient." Eckert, 2013 WL 56673511, at
   *1. Although "admissions certainly carry the day when they are detailed and contain
   substantive factual information," admissions that are "devoid of the kind of factual
   information that is necessary to make a jurisdictional finding" are insufficient. Worley v.
   Wal-Mart Stores E., L.P., No. 8:17-cv-2827-T-33JSS, 2017 WL 5844108, at *3 (M.D. Fla.
   Nov. 29, 2017). Plaintiff's responses (1) fail to offer a factual basis to establish that the

amount-in-controversy requirement is met; (2) constitute legal conclusions; and (3) fail to relieve Defendant of its obligation to demonstrate facts supporting federal subject matter jurisdiction. The Request for Admissions Responses are "devoid of the kind of factual information that is necessary to make a jurisdictional finding." Worley, 2017 WL 5844108, at *3. Notwithstanding the foregoing objection and without waiver said objection, this request for admission is denied as phrased.

2.   Objection: this request is too broad and involves both factual issues as well as legal issues. The purpose of Rule 1.370 of the Florida Rules of Civil Procedure is to obtain admissions of facts which are in no real dispute and which the adverse party can admit cleanly, without qualifications. Here, defendant's request for admission called for either crucial facts central to the lawsuit or legal concessions.  Furthermore, Defendant's efforts to establish that the amount-in-controversy exceeds $75,000 in order to satisfy the jurisdictional requirements for removal, fails in light of the proposition that "A plaintiff's mere concession that the amount-in-controversy exceeds $75,000 is insufficient." Eckert, 2013 WL 56673511, at *1. Although "admissions certainly carry the day when they are detailed and contain substantive factual information," admissions that are "devoid of the kind of factual information that is necessary to make a jurisdictional finding" are insufficient. Worley v. Wal-Mart Stores E., L.P., No. 8:17-cv-2827-T-33JSS, 2017 WL 5844108, at *3 (M.D. Fla. Nov. 29, 2017). Plaintiff's responses (1) fail to offer a factual basis to establish that the amount-in-controversy requirement is met; (2) constitute legal conclusions; and (3) fail to relieve Defendant of its obligation to demonstrate facts supporting federal subject matter jurisdiction. The Request for Admissions Responses are "devoid of the kind of factual information that is necessary to make a jurisdictional finding." Worley, 2017 WL 5844108,

at *3. Notwithstanding the foregoing objection and without waiver said objection, this request for admission is denied as phrased.

3. Objection: this request is too broad and involves both factual issues as well as legal issues. The purpose of Rule 1.370 of the Florida Rules of Civil Procedure is to obtain admissions of facts which are in no real dispute and which the adverse party can admit cleanly, without qualifications. Here, defendant's request for admission called for either crucial facts central to the lawsuit or legal concessions.  Furthermore, Defendant's efforts to establish that the amount-in-controversy exceeds $75,000 in order to satisfy the jurisdictional requirements for removal, fails in light of the proposition that "A plaintiff's mere concession that the amount-in-controversy exceeds $75,000 is insufficient." Eckert, 2013 WL 56673511, at *1. Although "admissions certainly carry the day when they are detailed and contain substantive factual information," admissions that are "devoid of the kind of factual information that is necessary to make a jurisdictional finding" are insufficient. Worley v. Wal-Mart Stores E., L.P., No. 8:17-cv-2827-T-33JSS, 2017 WL 5844108, at *3 (M.D. Fla. Nov. 29, 2017). Plaintiff's responses (1) fail to offer a factual basis to establish that the amount-in-controversy requirement is met; (2) constitute legal conclusions; and (3) fail to relieve Defendant of its obligation to demonstrate facts supporting federal subject matter jurisdiction. The Request for Admissions Responses are "devoid of the kind of factual information that is necessary to make a jurisdictional finding." Worley, 2017 WL 5844108, at *3. Notwithstanding the foregoing objection and without waiver said objection, this request for admission is denied as phrased.

4. Objection: this request is too broad and involves both factual issues as well as legal issues. The purpose of Rule 1.370 of the Florida Rules of Civil Procedure is to obtain admissions

of facts which are in no real dispute and which the adverse party can admit cleanly, without qualifications. Here, defendant's request for admission called for either crucial facts central to the lawsuit or legal concessions. Furthermore, Defendant's efforts to establish that the amount-in-controversy exceeds $75,000 in order to satisfy the jurisdictional requirements for removal, fails in light of the proposition that "A plaintiff's mere concession that the amount-in-controversy exceeds $75,000 is insufficient." Eckert, 2013 WL 56673511, at *1. Although "admissions certainly carry the day when they are detailed and contain substantive factual information," admissions that are "devoid of the kind of factual information that is necessary to make a jurisdictional finding" are insufficient. Worley v. Wal-Mart Stores E., L.P., No. 8:17-cv-2827-T-33JSS, 2017 WL 5844108, at *3 (M.D. Fla. Nov. 29, 2017). Plaintiff's responses (1) fail to offer a factual basis to establish that the amount-in-controversy requirement is met; (2) constitute legal conclusions; and (3) fail to relieve Defendant of its obligation to demonstrate facts supporting federal subject matter jurisdiction. The Request for Admissions Responses are "devoid of the kind of factual information that is necessary to make a jurisdictional finding." Worley, 2017 WL 5844108, at *3. Notwithstanding the foregoing objection and without waiver said objection, this request for admission is denied as phrased.

5. Objection: this request is too broad and involves both factual issues as well as legal issues. The purpose of Rule 1.370 of the Florida Rules of Civil Procedure is to obtain admissions of facts which are in no real dispute and which the adverse party can admit cleanly, without qualifications. Here, defendant's request for admission called for either crucial facts central to the lawsuit or legal concessions. Furthermore, Defendant's efforts to establish that the amount-in-controversy exceeds $75,000 in order to satisfy the jurisdictional requirements

for removal, fails in light of the proposition that "A plaintiff's mere concession that the amount-in-controversy exceeds $75,000 is insufficient." Eckert, 2013 WL 56673511, at *1. Although "admissions certainly carry the day when they are detailed and contain substantive factual information," admissions that are "devoid of the kind of factual information that is necessary to make a jurisdictional finding" are insufficient. Worley v. Wal-Mart Stores E., L.P., No. 8:17-cv-2827-T-33JSS, 2017 WL 5844108, at *3 (M.D. Fla. Nov. 29, 2017). Plaintiff's responses (1) fail to offer a factual basis to establish that the amount-in-controversy requirement is met; (2) constitute legal conclusions; and (3) fail to relieve Defendant of its obligation to demonstrate facts supporting federal subject matter jurisdiction. The Request for Admissions Responses are "devoid of the kind of factual information that is necessary to make a jurisdictional finding." Worley, 2017 WL 5844108, at *3. Notwithstanding the foregoing objection and without waiver said objection, this request for admission is denied as phrased.

6.  Objection: this request is too broad and involves both factual issues as well as legal issues. The purpose of Rule 1.370 of the Florida Rules of Civil Procedure is to obtain admissions of facts which are in no real dispute and which the adverse party can admit cleanly, without qualifications. Here, defendant's request for admission called for either crucial facts central to the lawsuit or legal concessions. Furthermore, Defendant's efforts to establish that the amount-in-controversy exceeds $75,000 in order to satisfy the jurisdictional requirements for removal, fails in light of the proposition that "A plaintiff's mere concession that the amount-in-controversy exceeds $75,000 is insufficient." Eckert, 2013 WL 56673511, at *1. Although "admissions certainly carry the day when they are detailed and contain substantive factual information," admissions that are "devoid of the kind of factual

information that is necessary to make a jurisdictional finding" are insufficient. *Worley v. Wal-Mart Stores E., L.P.*, No. 8:17-cv-2827-T-33JSS, 2017 WL 5844108, at *3 (M.D. Fla. Nov. 29, 2017). Plaintiff's responses (1) fail to offer a factual basis to establish that the amount-in-controversy requirement is met; (2) constitute legal conclusions; and (3) fail to relieve Defendant of its obligation to demonstrate facts supporting federal subject matter jurisdiction. The Request for Admissions Responses are "devoid of the kind of factual information that is necessary to make a jurisdictional finding." *Worley*, 2017 WL 5844108, at *3. Notwithstanding the foregoing objection and without waiver said objection, this request for admission is denied as phrased.

Plaintiff expressly reserves the right to modify, revise, supplement or amend its response as Plaintiff deems appropriate.

DATED: January 15, 2024    Respectfully submitted,

        By: *Anthony M. Georges-Pierre*
          Anthony M. Georges-Pierre, Esq.
          Florida Bar No.: 0533637
          *Attorney for Plaintiff*
          **REMER, GEORGES-PIERRE**
          **& HOOGERWOERD, PLLC**
          2745 Ponce De Leon Blvd.
          Coral Gables, FL 33134
          Phone: (305) 416-5000
          E-mail: agp@rgph.law

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court by using the Florida Courts e-filing portal, which will send an automatic e-mail message to the following parties registered with the e-filing portal system this 15th day of January 2024 to:

Stephanie Adler-Paindiris, Esq.
Vaughn G.S. Glinton, Jr., Esq.
JACKSON LEWIS P.C.
390 N. Orange Aveneu, Suite 1285
Orlando, FL 32801
E-mail: Stephanie.adler-paindiris@jacksonlewis.com
Vaughn.glinton@jacksonlewis.com

By: *Anthony M. Georges-Pierre*
Anthony M. Georges-Pierre, Esq.
Florida Bar No.: 0533637

IN THE CIRCUIT COURT FOR THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

KRYSTLE HAYES,

     Plaintiff,

vs.                   Case No.: CACE-23-018974

APPLE, INC.,

     Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVING ITS
## FIRST REQUEST FOR PRODUCTION TO DEFENDANT

COMES NOW the Plaintiff, Krystle Hayes (hereinafter the "PLAINTIFF"), by and through

the undersigned counsel, and pursuant to Rule 1.350 of the Florida Rules of Civil Procedure,

hereby files this its Request for Production of Documents upon the Defendant, Apple, Inc.

(hereinafter the "DEFENDANT").   The documents and materials requested herein shall be

produced within thirty (30) days at the offices of the undersigned counsel.  DEFENDANT shall

be deemed to be in substantial compliance with this request if it provides the PLAINTIFF with

Copies.

DATED: January 16, 2024           Respectfully submitted,

                       By: *Anthony M. Georges-Pierre*
                       Anthony M. Georges-Pierre, Esq.
                       Florida Bar No.: 0533637
                       *Attorney for Plaintiff*
                       **REMER, GEORGES-PIERRE**
                       **& HOOGERWOERD, PLLC**
                       2745 Ponce De Leon Blvd.
                       Coral Gables, FL 33134
                       Phone: (305) 416-5000
                       E-mail: agp@rgpattorneys.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court by using the Florida Courts e-filing portal, which will send an automatic e-mail message to the following parties registered with the e-filing portal system this 16th day of January 2024 to:

Stephanie Adler-Paindiris, Esq.
Vaughn G.S. Glinton, Jr., Esq.
JACKSON LEWIS P.C.
390 N. Orange Aveneu, Suite 1285
Orlando, FL 32801
E-mail: Stephanie.adler-paindiris@jacksonlewis.com
Vaughn.glinton@jacksonlewis.com

By: *Anthony M. Georges-Pierre*
Anthony M. Georges-Pierre, Esq.
Florida Bar No.: 0533637

## DEFINITIONS

1.   The term **"Defendant"** as may be used herein means the Defendant in the case at bar and styled herein and any other person acting for or on behalf of the Defendant under the Defendant's authority and/or control.

2.   **"Documentation"** means any documentation which is in the possession, custody, or control of the Defendant, or any attorneys for the foregoing, to include any employee, agent, bailee, custodian, or representative, including, but not limited to, any printed, written, recorded, taped, electronic, graphic, or other tangible matter from whatever source, however produced or reproduced, whether in draft or otherwise, whether sent or received or neither, including the original, all amendments and addenda and any non-identical copy (whether different from the original because of notes made on or attached to such copy or otherwise) of any and all writings, correspondence, letters, telegrams, telex communications, cables, notes, notations, papers, newsletters, memoranda, inter-office communications, releases, agreements, contracts, books, pamphlets, studies, minutes of

meetings, certificates of ownership (stock or otherwise), corporate records of any kind, recordings or other memorials of any type of personal or telephone conversations, meetings or conferences (including, but not limited to, telephone bills and long distance charge slips), photographs, pictures (digital format or not), film, reports, analyses, evaluations, estimates, projections, forecasts, receipts, statements, accounts, books of account, diaries, calendars, desk pads, appointment books, stenographer's notebooks, transcripts, ledgers, registers, worksheets, journals, statistical records, cost sheets, summaries, lists, tabulations, digests, cancelled or uncancelled checks or drafts, vouchers, charge slips, bills, invoices, purchase orders, hotel charges, accountant's reports, financial statements, newspapers, periodical or magazine materials, and any material underlying, supporting or used in the preparation of any documents.

3.      **"Communication"** means any oral or written expression, statement, dialogue, colloquialism, discussion, conversation, or agreement whether orally stated in person, by telephone, at a meeting or conference, or otherwise, or whether expressly transcribed, sent, rendered, or otherwise.

4.      The term **"Plaintiff"** as may be used herein means the Plaintiff in the case at bar and styled herein, or any employee, agent or attorney for the Plaintiff, and any other person or entity acting for or on behalf or under the Plaintiff's authority and control.

5.      **"Relating to"** and **"relate to"** shall be construed in their broadest senses and shall mean to make a statement about, refer to, discuss, describe, reflect, contain, comprise, identify, or in any way to pertain to, in whole or in part, or otherwise to be used, considered, or reviewed in any way in connection with, the specified subject. Thus, documents that

"relate to" a subject also include those which were specifically rejected and those which were not relied or acted upon.

6. **"You and yours"** means the party to whom this notice is addressed, including that party's employees and agents and all other persons acting or purporting to act on the party's behalf, including, but not limited to, the Defendant's predecessors or successors, agents, employees, contractors, servants, or representatives, and unless privileged, attorney(s).

7. **"Date"** shall mean the precise month, day, and year, if known, or as precise a statement of the month, day, and year as is permitted by your knowledge and the documents and information available to you. The answer should indicate whether the date is exact or an approximation. The date for which documents are requested responsive to this request is from date of service of Defendant's response to the operative complaint in the case at bar to the present.

## **INSTRUCTIONS**

1. The general meaning and common usage for the words and terms used within the "Documents requested" section of this Request for Production shall control in there interpretation unless any word is specifically defined otherwise within the definitions section of this document.

2. In the event that any document called for by a request is withheld on the basis of Claim of Privilege, please identify that document by stating:

      (a)   any addressor or addressee,

      (b)   any indicated or blind copies,

      (c)   the document's date, subject matter, number of pages, and attachments or appendixes,

(d)  all persons to whom the document was distributed, shown or explained,

(e)    its present custodian, and

(f)    the nature of the privilege asserted.

3.    If any information is withheld under a claim of privilege, in order that the Court and the parties may determine the validity of privilege, the Defendant is to provide sufficient information to determine the identity of the document or oral communication so claimed to be privileged, and as well, state the bases for any asserted claim of privilege.

4.    If document cannot be identified because it is no longer in possession or subject to your control, please state what disposition was made of it and the reason for such disposition. In lieu of identifying any document, a true and correct copy thereof may be annexed to and incorporated in the response to this request.  If any such document has already been furnished, only one reference to such document is necessary so as to enable the Plaintiff to identify it.

5.    The party upon whom this Request for Production of Documents is directed is hereby notified that its duty to respond includes the duty to supply all documents and materials in physical possession, as well as those which can be obtained from additional sources, pursuant to Rule 1.350 of the Florida Rules of Civil Procedure.

6.    In accordance with Rule 1.340 of the Florida Rules of Civil Procedure, please organize and label the documents you produce to correspond with the specific document requests described below.  If any document is responsive to more than one Request, identify all Requests to which such document is responsive.

## REQUESTED DOCUMENTS:

1. All documents that support Defendant's contention that the affirmative defenses asserted state a legally cognizable defense.

2. All documents that support Defendant's contention that the affirmative defenses articulate ultimate facts supporting the defenses.

3. All documents relied upon to support any and all affirmative defenses asserted or to be asserted by Defendant upon responding to Plaintiff's operative Complaint.

4. All documents that support Defendant's contention that the affirmative Defenses avoid liability, wholly or partly, by allegations of excuse, justification or other matter negating the cause of action asserted by Plaintiff in its operative complaint.

5. All documents that support Defendant's contention that the affirmative Defenses asserted raise new matters that defeat the Plaintiff's otherwise apparently valid claim.

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA**

CASE NO.: **CACE23018974**      DIVISION: **05**      JUDGE: **Bidwill, Martin J. (05)**

**KRYSTLE HAYES**
,

Plaintiff(s) / Petitioner(s)

**UNIFORM TRIAL ORDER
Seventeenth Judicial Circuit
ORDER FOR MANDATORY
CALENDAR CALL**

v.

**Apple, Inc.**
,

Defendant(s) / Respondent (s).

_____/

## UNIFORM TRIAL ORDER

**THE UNIFORM TRIAL DATE LISTED HEREIN IS A FIRM TRIAL DATE AND DEADLINES WILL BE STRICTLY ENFORCED BY THE COURT. STRICT COMPLIANCE MEANS NO CONTINUANCES OR EXTENSIONS WILL BE GRANTED WITHOUT COURT ORDER UPON WRITTEN MOTION SETTING FORTH GOOD CAUSE, PURSUANT TO AOSC20-23, AMENDMENT 13 (May 6, 2021), AND FLA. R. GEN. PRAC. & JUD. ADMIN. 2.545(e).**

**FAILURE TO ATTEND CALENDAR CALL MAY RESULT IN EITHER THIS CASE BEING DISMISSED OR A DEFAULT BEING ENTERED.**

**TRIAL PERIOD COMMENCING:** **03-03-2025 to 03-27-2025** . This is a ( **4** ) week calendar.

**CALENDAR CALL:** **02-21-2025 at 9:30 AM**

[ **5** ] DAYS         [ **X** ] JURY         [ ] NON-JURY

Case Number: CACE23018974

**I. <u>ORDER OF TRIALS:</u>**
The order of trials set during this Trial Period will be determined at Calendar Call.  Parties are subject to being called to commence trial during any portion of the above noted Trial Period.

**II. <u>TRIAL DATE:</u>**
The Court has determined this case is ready for trial pursuant to Florida Rule of Civil Procedure 1.440.  This case is set for trial before the undersigned Judge in Courtroom **16175 or Zoom: https://17thflcourts.zoom.us/j/232523414** , Broward County Courthouse, 201 S.E. 6th Street, Fort Lauderdale, Florida, 33301, as stated above. The trial date is a firm trial date pursuant to AOSC20-23, Amendment 13 (May 6, 2021).

**III. <u>CIVIL TRIAL POOL:</u>**
Parties are advised that this case may be placed into the Seventeenth Judicial Circuit Court's "Civil Trial Pool" and is subject to being called for trial before any judge.  If placed in the Civil Trial Pool, **parties must be prepared to proceed to trial if called.** Only the Division Judge or the Administrative Judge of the Seventeenth Judicial Circuit Court's Civil Division may grant a continuance of any case placed in the Civil Trial Pool.

**IV. <u>WITNESS LISTS:</u>**
   **A. NO LATER THAN ONE HUNDRED & TWENTY (120) DAYS PRIOR TO CALENDAR CALL:**
<u>Fact Witnesses</u>: Parties must file and serve a list of names and addresses of all fact witnesses who are expected to testify at trial.  Each party's fact witness list must include a brief description of the substance and scope of the testimony to be elicited from such witness.  Both sides must cooperate in the scheduling of such witness depositions.
   **B. NO LATER THAN NINETY (90) DAYS PRIOR TO CALENDAR CALL:**
<u>Expert Witnesses:</u>
      i. At the time of disclosure of all expert witnesses, the parties shall file and serve the names and addresses of all expert witnesses to be called at trial, including their complete and updated curriculum vitae, and all information regarding expert testimony that is required by Fla. R. Civ. P. 1.28(b)(5). Parties shall furnish opposing counsel with two (2) alternative dates of availability of all expert witnesses for the purpose of taking their deposition. Both parties shall cooperate in the scheduling of expert depositions.
      ii. The parties shall also provide answers to standard form expert interrogatories pursuant to Fla.R.Civ.P. 1.280(b)(5). All reports or other data compiled by each disclosed expert which is intended to be used by the expert and/or referred to during his/her deposition testimony shall be provided electronically to the opposing party at least 72 hours prior to the date of the scheduled deposition.
   **C. NO LATER THAN SIXTY (60) DAYS PRIOR TO CALENDAR CALL:**

<u>Rebuttal Witnesses</u>: Parties must file and serve a list of names and addresses of any rebuttal witnesses within sixty (60) days.

## V. <u>COMPULSORY MEDICAL EVALUATIONS ("CME")</u>:

**A. NO LATER THAN NINETY (90) DAYS PRIOR TO CALENDAR CALL:**
All CME and other examinations pursuant to Florida Rule of Civil Procedure 1.360 must be completed no later than ninety (90) days prior to Calendar Call.

## VI. <u>DISCOVERY DEADLINES</u>:

**A. NO LATER THAN SIXTY-FIVE (65) DAYS PRIOR TO CALENDAR CALL:**
All final discovery must have been initiated at least sixty-five (65) days prior to Calendar Call.

**B. NO LATER THAN THIRTY (30) DAYS PRIOR TO CALENDAR CALL:**
Parties must complete all discovery, including expert discovery in accordance with Florida Rule of Civil Procedure 1.280(b)(5), at least thirty (30) days prior to Calendar Call. Discovery conducted after this time period is strongly disfavored and will only be permitted by order of the Court under exceptional circumstances.

**C. ELECTRONICALLY STORED INFORMATION (ESI) DISCOVERY:** ESI discovery procedures are governed by Seventeenth Judicial Circuit Administrative Order 2021-20-Gen, a copy of which is available on the Circuit's webpage (www.17th.flcourts.org).

## VII. <u>MOTIONS</u>:

**A. NO LATER THAN SEVENTY-FIVE (75) DAYS PRIOR TO CALENDAR CALL:**
1. Motions to add a party or parties or to amend pleadings shall be filed and set for hearing no later than seventy-five (75) days before Calendar Call absent good cause shown. The deadline shall not conflict with Florida Rule of Civil Procedure 1.190(e), and the motion may be denied if there has been undue delay, bad faith, prejudice to the opposing side, dilatory motive on the part of the moving party or when the amendment would be futile.

**B. NO LATER THAN FORTY-FIVE (45) DAYS PRIOR TO CALENDAR CALL:**
1. <u>Dispositive Motions</u>: must be filed and heard no later than forty-five (45) days before Calendar Call.
2. <u>Deposition Objections</u>: objections raised in depositions expected to be introduced at trial must be filed and heard no later than forty-five (45) days before Calendar Call.
3. <u>Expert Challenges</u>: motions challenging an expert witness ("Expert Challenges"), must be filed and heard no later than forty-five (45) days before Calendar Call.
4. <u>Motions for Summary Judgment</u>: must be filed and heard no later than forty-five (45) days prior to Calendar Call. Motions for summary judgment will not be heard at Calendar Call.

**C. NO LATER THAN THIRTY (30) DAYS PRIOR TO CALENDAR CALL:**
1. <u>Motions in Limine</u>: must be filed and heard no later than thirty (30) days prior to Calendar Call.
2. All motions, other than motions in limine, not heard before Calendar Call will be deemed abandoned.

## VIII. <u>JOINT PRETRIAL STIPULATION</u>:

**A. NO LATER THAN TEN (10) DAYS PRIOR TO CALENDAR CALL:**
1. The Joint Pretrial Stipulation contemplates a single document that must be filed and served, **with a courtesy copy served on the undersigned judge**, no later than ten (10)

days prior to Calendar Call.

2. The Joint Pretrial Stipulation requires that all agreed matters be fully identified and any disputed matters be specifically delineated with respect to each party.

3. At the time of the above noticed Calendar Call, all parties must be prepared to discuss all items set forth in Florida Rule of Civil Procedure 1.200(b).

**B. The Joint Pretrial Stipulation must contain the following in separately numbered paragraphs:**

1. <u>Statement of the Facts</u>: A concise, impartial statement of the facts of the case.

2. <u>Stipulated Facts</u>: A list of those facts that can be stipulated and require no proof at trial.

3. <u>Statement of Disputed Law & Fact</u>: A concise, impartial statement of those issues of law and fact that are to be tried.

4. <u>Exhibit Lists</u>: Each party must separately list all exhibits they intend to introduce into evidence. Each item must be listed by number and description on a separate schedule attached to the Joint Pretrial Stipulation. Each exhibit must be specifically described. **Generic descriptions of exhibits are subject to being stricken.** If any party objects to the introduction of any such exhibit, such objection **must be stated in the Joint Pretrial Stipulation**, setting forth the grounds with specificity. All exhibits must have been made available to all parties for examination. Parties must initial each other's exhibit lists and exhibits. **At trial, only those exhibits properly listed and initialed may be offered into evidence**.

5. <u>Demonstrative Exhibits</u>: all demonstrative exhibits (e.g., charts, graphs, enlargements of exhibits, etc.) intended to be used at a jury trial must be displayed to all parties at least ten (10) days before trial.

6. <u>Witness Lists</u>: Parties must furnish a written list containing the names and addresses of all witnesses intended to be called at trial in alphabetical order. Such list must designate the type of witness ("expert," "rebuttal," "impeachment," or otherwise) and must be attached to the Joint Pretrial Stipulation. All fact witness lists must include a brief description of **the substance and scope of the testimony** to be elicited from such witness. All expert witness lists must **designate the expert's specialties**. If any party objects to any witness, such objection must be stated in the Joint Pretrial Stipulation, setting forth the grounds with specificity. **At trial, only those witnesses properly and timely disclosed will be permitted to testify**.

7. <u>Jury Instructions</u>: If the trial is a jury trial, the parties must identify all agreed upon standard instructions and all special instructions. Copies of all agreed upon jury instructions and disputed jury instructions must be attached to the Joint Pretrial Stipulation identifying the party that proposed the instruction, along with copies of supporting statutory citations and/or case law.

8. <u>Verdict Forms</u>: If the trial is a jury trial, the jury verdict form must be designated as "agreed to" or "disputed" and must be attached to the Joint Pretrial Stipulation.

9. <u>Peremptory Challenges</u>: If the trial is a jury trial, the number of peremptory challenges for each party must be stated and attached to the Joint Pretrial Stipulation.

10. <u>Pending Motions</u>: Parties must set forth a list of all pending motions with copies attached to the Joint Pretrial Stipulation.

11. <u>Trial Estimate</u>: Each party must provide an estimate of the number of trial days required for presenting its side of the case.

12. <u>Expert Challenges</u>: All expert related issues involving any requests for hearings on related evidence must be noticed and heard—or agreed to by the parties—no later than forty-five (45) days prior to Calendar Call. FAILURE TO DO SO MAY CONSTITUTE

A WAIVER OF ANY EXPERT RELATED EVIDENCE ISSUE(S).  It is within the discretion of the Court to remove any case with pending expert issues.

## IX. COURT POLICIES:

**A.** Parties must do all things reasonable and necessary to assure the availability of witnesses for the entire Trial Period or to otherwise preserve witness testimony for trial as provided by the Florida Rules of Civil Procedure.  *See* Fla. R. Civ. P. 1.300 & 1.460; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.545.

**B.** The requirements of this Uniform Trial Order cannot be waived by stipulation **absent prior approval from the Court** pursuant to written agreement between the parties.

**C.** This Uniform Trial Order may be tailored by the assigned Division Judge to conform to the particular requirements of the residential foreclosure and complex litigation divisions.

**D.** At trial, there will only be one (1) official record transcribed by one (1) court reporter.  Plaintiff is responsible for arranging for a court reporter unless otherwise agreed. If a conflict exists, the parties must resolve it among themselves prior to Calendar Call.

## X. CONTINUANCES:

**No continuances will be granted without Court Order upon written motion setting forth good cause pursuant to AOSC20-23, Amendment 13 (May 6, 2021), and  Fla. R. Gen. Prac. & Jud. Admin. 2.545(e).  All motions seeking a continuance must comply with Fla. R. Civ. P.1.460 and Fla. R. Gen. Prac. & Jud. Adm. 2.545. Continuances requested for reasons relating to failure to follow this Order will not be granted.**

**A.** CONTINUANCES will only be considered upon written motion filed with the Clerk of Court and served on the undersigned judge prior to the above noticed Calendar Call.

**B.** NO CONTINUANCES will be granted for reasons that should have been readily apparent to the parties when this Uniform Trial Order was issued.

**C.** NO CONTINUANCES will be granted if expert witnesses are unavailable because testimony may be preserved by deposition.

**D.** NO CONTINUANCES will be granted for reasons relating to the failure to follow this Uniform Trial Order.

## XI. MANDATORY MEDIATION:

Mediation must commence no later than sixty (60) days prior to Calendar Call.  The parties must comply with Florida Rules of Civil Procedure 1.700, 1.710, 1.720, and 1.730 as to the conduct of mediation. The parties may attend mediation through the use of communication technology (remotely) if mutually agreed upon. The Court will resolve any disagreement as to where or how mediation is to be conducted. Plaintiff's counsel is appointed lead counsel to facilitate and schedule the settlement conference with the mediator and all parties.  The Court appoints:

**MARLENE QUINTANA**
**333 SE 2ND AVENUE SUITE 3200 MIAMI FL 33131**
**marlene.quintana@gray-robinson.com**
**305-416-6880**

as Mediator, unless, within thirty (30) days of this Uniform Trial Order, the parties choose a different Mediator, and file notice of that choice and the name of the substitute mediator with the Clerk of Court. Failure to attend mediation may result in sanctions.

## XII. SANCTIONS:

**A.** All parties should be familiar with Florida Rule of Civil Procedure 1.380 entitled "Failure to Make Discovery; Sanctions" and section 57.105, Florida Statutes, entitled "Attorney's fee; sanctions for raising unsupported claims or defenses; exceptions; service of motions; damages for delay of litigation."

**B.** FAILURE TO APPEAR, FAILURE TO FOLLOW TIME REQUIREMENTS, OR FAILURE TO FILE DOCUMENTS REQUIRED BY THIS COURT MAY RESULT IN THE DISMISSAL OF THE ACTION OR THE IMPOSITION OF SANCTIONS INCLUDING THE STRIKING OF PLEADINGS.

**XIII. <u>SETTLEMENT NOTIFICATION:</u>**

Parties must immediately notify the Court in the event of settlement and submit a stipulation for an Order of Dismissal. Parties shall also cancel any and all pending hearings as a result of the settlement.

**Pursuant to Florida Rule of General Practice and Judicial Administration 2.516(h)(1), counsel must file this Uniform Trial Order with the Clerk of Court, serve any self-represented parties with this Uniform Trial Order, and file a "Certificate of Service" with the Clerk of Court, in compliance with Florida Rule of General Practice and Judicial Administration 2.516(f), certifying the self-represented party was served with this Uniform Trial Order.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida on <u>01-19-2024</u>.

<u>CACE23018974 01-19-2024 10:09 AM</u>

_____
Circuit Court Judge

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you have a hearing or voice disability you can contact the court through the Florida Relay Service by calling 711.**

CC:

**Anthony M Georges-Pierre, Email : jcosta@rgph.law**
**Anthony M Georges-Pierre, Email : agpassistant@rgph.law**
**Anthony M Georges-Pierre, Email : agp@rgph.law**
**MARLENE QUINTANA, Email : marlene.quintana@gray-robinson.com**
**Stephanie L Adler-Paindiris, Email : adlers@jacksonlewis.com**
**Stephanie L Adler-Paindiris, Email : alicia.franchino@jacksonlewis.com**
**Stephanie L Adler-Paindiris, Email : OrlandoDocketing@JacksonLewis.com**
**Vaughn G Glinton, Email : orlandodocketing@jacksonlewis.com**
**Vaughn G Glinton, Email : shelly.rundell@jacksonlewis.com**
**Vaughn G Glinton, Email : vaughn.glinton@jacksonlewis.com**

**IN THE CIRCUIT COURT OF THE**
**SEVENTEENTH JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY, FLORIDA**

| | |
|---|---|
| **KRYSTLE HAYES,** ) | |
| ) | |
| **Plaintiff,** ) | **CASE NO: CACE-23-018974** |
| **vs.** ) | |
| ) | |
| **APPLE, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## NOTICE OF WITHDRAWAL
## AND SUBSTITUTION OF COUNSEL

PLEASE TAKE NOTICE that effective immediately, attorney Vaughn G.S. Glinton, Jr., of the law firm Jackson Lewis P.C. hereby withdraws as counsel for Defendant, APPLE, INC. ("Defendant") in the above-captioned lawsuit, and gives notice that Michael J. DeMaio of the law firm Jackson Lewis P.C. will substitute in his place and stead of, for representation of Defendant. Defendant has been notified and consents to this substitution.

IT IS HEREBY REQUESTED that attorney Vaughn G.S. Glinton, Jr., be removed from any service list and relieved of any obligations in this matter and that attorney Michael J. DeMaio be added to the service list.

DATED this 16th day of February, 2024.

Respectfully submitted,

JACKSON LEWIS P.C.
390 N. Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone:  (407) 246-8440
Facsimile:  (407) 246-8441

JACKSON LEWIS P.C.
Wells Fargo Center
100 South Ashley Drive, Suite 2200
Tampa, FL 33602
(813) 512 3210


By:     */s/ Stephanie Adler-Paindiris*
        Stephanie Adler-Paindiris
        Florida Bar No. 523283
        stephanie.adler-paindiris@jacksonlewis.com

        Michael J. DeMaio
        Florida Bar No. 1019194
        Michael.DeMaio@jacksonlewis.com

Attorneys for Defendant


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of February, 2024, the foregoing was electronically filed with the Clerk of the Court by using the Florida Courts E-filing Portal which will send a notice of electronic filing to: Anthony M. Georges-Pierre, Esquire, Jorge L. Costa, Esquire, Remer, Georges-Pierre, & Hoogerwoerd, PLLC, 2745 Ponce De Leon Blvd., Coral Gables, FL 33134.


                        */s/ Stephanie Adler-Paindiris*
                        Stephanie Adler-Paindiris

4863-2261-6742, v. 1

2

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA**

KRYSTLE HAYES,     )
                            )
      Plaintiff,    )
vs.                     )     **CASE NO: CACE-23-018974**
                            )
APPLE INC.,       )
                            )
      Defendant.   )

## AMENDED ANSWER AND DEFENSES TO COMPLAINT

DEFENDANT, APPLE INC. ("Defendant"), through its undersigned counsel, and pursuant to Florida Rule of Civil Procedure 1.190 through written consent of the Plaintiff hereby files this AMENDED ANSWER AND DEFENSES and answers the correspondingly numbered paragraphs of the Complaint filed by Plaintiff, KRYSTLE HAYES ("Plaintiff"), and assert defenses as follows:

## GENERAL ALLEGATIONS[1]

1.    Defendant admits that this purports to be an action for damages that exceed fifty thousand ($50,000) excluding attorneys' fees or costs under Florida Civil Rights Act of 1992 ("FCRA"), § 760.01, et seq., Florida Statutes, discrimination based on disability, and retaliatory discharge of an employee in violation of FCRA.  Defendant denies all liability and denies that Plaintiff is entitled to any of the relief requested.

2.    Defendant states that the Complaint fails to define the term "[a]t all times material hereto" and, therefore Defendant lacks sufficient information and knowledge to admit or deny

---

[1] Defendant uses the headers contained in Plaintiff's Complaint for continuity purposes only.

the allegation in Paragraph 2 of the Complaint. Defendant admits that Plaintiff provided an address reflecting a Broward County, Florida address during her employment with Defendant.

3.      Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4.      Defendant admits that venue is proper in Broward County, Florida for jurisdictional purposes only. Defendant denies that it engaged in any unlawful activity and denies the remaining allegations and inferences contained in Paragraph 4 of the Complaint.

5.      Defendant denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 5 of the Complaint and therefore Defendant denies the allegations in Paragraph 5 of the Complaint.

6.      Defendant admits that it was an employer and Plaintiff was an employee under the FCRA during her employment with Defendant. Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

7.      Defendant admits this Court has jurisdiction over this action for jurisdictional purposes only. Defendant denies the remaining allegations and inferences contained in Paragraph 7 of the Complaint.

8.      The allegations contained in Paragraph 8 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations and inferences contained in Paragraph 8 of the Complaint.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9.      Defendant admits that Plaintiff began her employment with Defendant on or about October 7, 2011. Defendant denies the remaining allegations and inferences contained in Paragraph 9 of the Complaint.

10.     Defendant denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 10 of the Complaint and therefore denies the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 11 of the Complaint regarding Plaintiff's medical history and therefore denies the allegations contained in Paragraph 11 of the Complaint. Defendant states that the remaining allegations in Paragraph 11 of the Complaint call for a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the remaining allegations and inferences contained in Paragraph 11 of the Complaint.

12.     Defendant denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 12 of the Complaint and therefore denies the allegations.

13.     Defendant admits it terminated Plaintiff's employment on or about June 7, 2022. Defendant lacks knowledge or information sufficient to form a belief about the truthfulness of the allegations regarding Plaintiff's medical treatment.   Defendant denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.     Defendant denies the allegations and inferences contained in Paragraph 14 of the Complaint.

### COUNT I
*Disability Discrimination in Violation of the FCRA*

15.     Defendant re-alleges and incorporates by reference its responses to Paragraphs 1 through 14 of the Complaint as if fully set forth herein.

16.     Defendant denies the allegations and inferences contained in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations and inferences contained in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations and inferences contained in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations and inferences contained in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations and inferences contained in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations and inferences contained in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations and inferences contained in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations and inferences contained in Paragraph 23 of the Complaint.

Defendant denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause following Paragraph 23 of the Complaint, including all subparagraphs.

24.     Defendant admits that Plaintiff has requested a trial by jury.  Defendant denies that there are any genuine issues of material fact that should be submitted to a jury.

## **GENERAL DENIAL**

To the extent not expressly admitted herein, Defendant denies the allegations set forth in the Complaint.

## DEFENSES

As separate and distinct defenses to the Complaint, and without shifting the applicable burden of production and/or persuasion, Defendant alleges the following:

### FIRST DEFENSE

Plaintiff's Complaint fails to state claim upon which relief can be granted. Plaintiff has not provided any facts which, if true, would demonstrate that her termination was a result of disability discrimination or a failure to accommodate her disability.

### SECOND DEFENSE

Plaintiff's claim is barred, in whole or in part, by the doctrines of waiver, unclean hands, and/or estoppel. Plaintiff failed to report to or perform work, and her absence was not authorized or supported by her physician.

### THRID DEFENSE

Plaintiff's damages, if any, should be reduced to the extent of any collateral source payments or recoveries attributable to Plaintiff's alleged damages. If Plaintiff received supplemental income from short or long term disability, the amount of her damages should be reduced based on the amount of supplemental income she received.

### FOURTH DEFENSE

Plaintiff's claims for damages in the form of backpay and benefits are barred to the extent Plaintiff failed to diligently seek other employment or to otherwise mitigate her damages. Upon information and belief, Plaintiff mitigated her damages by seeking alternative employment and accordingly, cannot prove any damages.

**FIFTH DEFENSE**

Defendant's conduct and actions were at all times undertaken in good faith, and without malice or ill-will toward the Plaintiff. Defendant complied with all requirements under the ADA and FCRA, engaged in the interactive process with Plaintiff, and Plaintiff failed to cooperate by providing medical documentation to support the need for her leave and accordingly, Defendant should not be subject to punitive damages.

**SIXTH DEFENSE**

All actions taken with respect to Plaintiff's employment were based on legitimate and non-discriminatory, non-retaliatory reasons unrelated to her alleged disability or any protected activity.  Any personnel action taken by Defendant with respect to Plaintiff's employment was predicated on grounds other than Plaintiff's alleged disability and/or exercise of any protected rights under the FCRA, or any other state or federal statute, and any adverse personnel action would have occurred regardless of Plaintiff's alleged disability and/or alleged exercise of protected rights.

**SEVENTHDEFENSE**

Plaintiff's claim is barred to the extent it relies on events or actions outside of the applicable statute of limitation.  Plaintiff is limited in her claims to events which occurred within 365 days from the date on which she filed her Charge with the Florida Commission on Human Relations.

**EIGHTH DEFENSE**

Plaintiff's claims are barred to the extent Plaintiff failed to exhaust her administrative remedies and/or failed to satisfy the conditions precedent to suit.  Plaintiff is limited in her

6

claims to what she included in a timely filed Charge with the Florida Commission on Human Relations.

## NINETH DEFENSE

Assuming, *arguendo*, Defendant had any an improper motive toward Plaintiff, Defendant would have made the same decisions with regard to Plaintiff's employment, even in absence of such a motive. Plaintiff was on an unexcused absence after Defendant asked for her to provide medical documentation to support her continued absence and she failed to do so.

## TENTH DEFENSE

Defendant took affirmative measures and made good faith efforts to prevent workplace discrimination and, therefore, cannot be liable for the decisions of its agents or for punitive damages (to the extent recoverable under applicable law) to the extent the challenged employment decisions were contrary to their efforts to comply with anti-discrimination and anti-retaliation statutes.

## ELEVENTH DEFENSE

Defendant has well-disseminated policies against discrimination as well as reasonable and available procedures for receiving and investigating complaints of alleged discrimination. To the extent Plaintiff failed to use or otherwise avail himself of these policies and procedures, his claims are barred.

## RESERVATION OF RIGHTS

Defendant reserves the right to bring any additional affirmative defenses that become known during the litigation of this matter.

WHEREFORE, Defendant, APPLE INC., respectfully prays that this Court will: (i) enter judgment in its favor and against Plaintiff, (ii) award Defendant its costs of suit herein, (iii)

award Defendant reasonable attorneys' fees as may be determined by the Court, and (iv) grant

such other and further relief as this Court may deem just and proper.

DATED this 16th day of February, 2024.

Respectfully submitted,

JACKSON LEWIS P.C.
390 N. Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone:  (407) 246-8440
Facsimile:  (407) 246-8441

JACKSON LEWIS P.C.
Wells Fargo Center
100 South Ashley Drive, Suite 2200
Tampa, FL 33602
(813) 512 3210


By:     */s/ Stephanie Adler-Paindiris*
Stephanie Adler-Paindiris
Florida Bar No. 523283
stephanie.adler-paindiris@jacksonlewis.com

Michael J. DeMaio
Florida Bar No. 1019194
Michael.DeMaio@jacksonlewis.com

Attorneys for Defendant


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of February, 2024, the foregoing was electronically filed with the Clerk of the Court by using the Florida Courts E-filing Portal which will send a notice of electronic filing to: Anthony M. Georges-Pierre, Esquire, Jorge L. Costa, Esquire, Remer, Georges-Pierre, & Hoogerwoerd, PLLC, 2745 Ponce De Leon Blvd., Coral Gables, FL 33134, agp@rgph.law, jcosta@rgph.law.

*/s/ Stephanie Adler-Paindiris*
Stephanie Adler-Paindiris

4866-0558-4034, v. 4

8

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

**KRYSTLE HAYES,**                    )
                                      )
      **Plaintiff,**            )
                                      )
**vs.**                               )    **CASE NO: CACE-23-018974**
                                      )
**APPLE INC.,**                       )
                                      )
      **Defendant.**            )
                                      )

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Defendant APPLE INC. ("Defendant") by and through its undersigned counsel, and hereby responds to Plaintiff KRYSTLE HAYES' First Request for Production to Defendant as follows:

1.    All documents that support Defendant's contention that the affirmative defenses asserted state a legally cognizable defense.

**OBJECTION: Defendant objects to this Request on the grounds that it is vague, ambiguous, and does not reasonably identify the information sought. Specifically, Defendant does not understand what supporting information Plaintiff is seeking through the phrase "Defendant's contention that the affirmative defenses asserted state a legally cognizable defense." Moreover, this Request appears to seek disclosure of the legal impressions of Defendant's counsel, and thus, seeks disclosure of documents/information protected by the work product doctrine.**

2.    All documents that support Defendant's contention that the affirmative defenses articulate ultimate facts supporting the defenses.

**OBJECTION: Defendant objects to this Request on the grounds that it is vague, ambiguous, and does not reasonably identify the information sought. Specifically, Defendant does not understand what supporting information Plaintiff is seeking through the phrase "Defendant's contention that the affirmative defenses articulate ultimate facts supporting the defenses." Moreover, this Request appears to seek disclosure of the legal impressions of Defendant's counsel, and thus, seeks disclosure of documents/information protected by the work product doctrine.**

3.      All documents relied upon to support any and all affirmative defenses asserted or to be asserted by Defendant upon responding to Plaintiff's operative Complaint.

**OBJECTION: Defendant objects to this Request to the extent it seeks disclosure of the legal impressions of Defendant's counsel, and thus, seeks disclosure of documents/information protected by the work product doctrine.**

**RESPONSE: Without waiving this objection, Defendant responds that it will produce non-privileged documents responsive to this Request upon entry of a protective order.**

4.      All documents that support Defendant's contention that the affirmative defenses avoid liability, wholly or partly, by allegations of excuse, justification or other matter negotiating the cause of action asserted by Plaintiff in its operative complaint.

**OBJECTION: Defendant objects to this Request on the grounds that it is vague, ambiguous, and does not reasonably identify the information sought. Specifically, Defendant does not understand what supporting information Plaintiff is seeking through the phrase "Defendant's contention that the affirmative defenses avoid liability, wholly or partly, by allegations of excuse, justification or other matter negotiating the cause of action asserted by Plaintiff in its operative complaint." Moreover, this Request appears to seek disclosure of the legal impressions of Defendant's counsel, and thus, seeks disclosure of documents/information protected by the work product doctrine.**

5.      All documents that support Defendant's contention that the affirmative defenses asserted raise new matters that defeat the Plaintiff's otherwise apparently valid claim.

**OBJECTION: Defendant objects to this Request on the grounds that it is vague, ambiguous, and does not reasonably identify the information sought. Specifically, Defendant does not understand what supporting information Plaintiff is seeking through the phrase "Defendant's contention that the affirmative defenses asserted raise new matters that defeat the Plaintiff's otherwise apparently valid claim." Moreover, this Request appears to seek disclosure of the legal impressions of Defendant's counsel, and thus, seeks disclosure of documents/information protected by the work product doctrine.**

DATED this 7th day of March, 2024.

Respectfully submitted,

JACKSON LEWIS P.C.
390 N. Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone:  (407) 246-8440
Facsimile:  (407) 246-8441

2

By:    */s/ Michael J. DeMaio*
          Stephanie Adler-Paindiris
          Florida Bar No. 523283
          stephanie.adler-paindiris@jacksonlewis.com

          Michael J. DeMaio
          Florida Bar No.: 1019194
          michael.demaio@jacksonlewis.com

          Attorneys for Defendant

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 7th day of March, 2024, the foregoing was electronically filed with the Clerk of the Court by using the Florida Courts E-filing Portal which will send a notice of electronic filing to: Anthony M. Georges-Pierre, Esquire, Jorge L. Costa, Esquire, Remer, Georges-Pierre, & Hoogerwoerd, PLLC, 2745 Ponce De Leon Blvd., Coral Gables, FL 33134, agp@rgph.law, jcosta@rgph.law.

          */s/ Michael J. DeMaio*
          Michael J. DeMaio

4871-8406-7489, v. 3

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN
ANDFOR BROWARD COUNTY, FLORIDA

**KRYSTLE HAYES,**

    **Plaintiff,**

**vs.**                     **CASE NO: CACE-23-018974**

**APPLE INC.,**

    **Defendant.**

**PLAINTIFF'S NOTICE OF SERVING RESPONSES TO DEFENDANT'S
DISCOVERY REQUESTS**

PLEASE TAKE NOTICE that Plaintiff, **KRYSTLE HAYES,** ("Plaintiff"), has served the

following Discovery Responses on Defendant, **APPLE INC;** Plaintiff's Response to Defendant's

First Request for Production,

Dated this 17th day of April, 2024.         Respectfully Submitted,

                                    */s/  Jorge Costa*
                                    Anthony M. Georges-Pierre, Esq.
                                    Florida Bar No.: 0533637
                                    Jorge L. Costa, Esq.
                                    Florida Bar No.: 1031513
                                    REMER, GEORGES-PIERRE &
                                    HOOGERWOERD, PLLC
                                    2745 Ponce de Leon Boulevard
                                    Coral Gables, FL 33134
                                    (305) 416-5000- Telephone
                                    Email: agp@rgph.law
                                    Jcosta@rgph.law
                                    *Counsel for Plaintiff*

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day 17th day of April, 2024, I electronically filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is beingserved this day on all counsel of record or pro se parties, either via electronic transmission of Notices generated by the Florida Courts E-Filing Portal or in some other authorized manner for those counsel or parties who are not authorized to receive such Notices.

**Service List**
Stephanie Adler-Paindiris
Florida Bar No. 523283
stephanie.adler-paindiris@jacksonlewis.com
Michael J. DeMaio
Florida Bar No. 1019194
michael.demaio@jacksonlewis.com
JACKSON LEWIS P.C.
390 N. Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone:  (407) 246-8440
Facsimile:  (407) 246-8441
*Counsel for Defendant*

/s/   *Jorge L. Costa*
**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
**Jorge L. Costa, Esq.** F
Florida Bar No.: 1031513